**Rudolfo JASSO, Appellant,**

v.

**PLANET INSURANCE COMPANY, Appellee.**

**No. 05–86–01186–CV.**

Court of Appeals of Texas, Dallas.

July 6, 1987.

Rehearing Denied Aug. 12, 1987.

William C. Feemster, Richard T. Cheatham, Dallas, for appellant.

Jesse Cuellar, Dallas, for appellee.

Before McCLUNG, STEWART and LAGARDE, JJ.

McCLUNG, Justice.

Jasso was injured on the job and filed a claim for worker's compensation. Coverage was disputed and Jasso settled. Jasso later became aware of additional facts and sued to set aside the settlement alleging fraud and mistake. Mistake, but not fraud, was found by the jury. Despite jury findings that the agreement was entered into by mistake, the trial court refused to set it aside. We affirm.

Jasso hurt his back working for R.L.H. General Contractors Inc. (Herring) on October 13, 1983 and filed a claim with the Texas Industrial Accident Board (IAB) on February 9, 1984. At a prehearing conference on May 14, 1984, Planet denied coverage but agreed to an IAB-approved compromise settlement agreement (CSA) on August 30, 1984.

The agreement recites that the liability of Planet or the extent of Jasso's injury is uncertain, indefinite, or incapable of being satisfactorily established. The parties still dispute worker's compensation coverage for the injury at issue here. The extent of Jasso's injury, however, is not before us.

Planet takes the position that the injury was not covered because Herring's insurance coverage expired on August 1, 1983 (policy one) and was not reinstated until October 26, 1983 (policy two). Planet was uncertain about its liability at the time of the CSA because Planet was not then sure whether it had given notice to the IAB binding on the worker to cancel policy one. *See* TEX.REV.CIV.STAT.ANN. art. 8308, § 20a (Vernon Supp.1987) (failure to give proper notice renders insurance company liable under provisions of worker's compensation laws). The record indicates that proper notice of cancellation of policy one was given on August 8, 1983, and that Planet was not liable under policy one.

Jasso takes the position that Planet is liable because, he, Jasso, did not know at the time of the August 30, 1984 CSA that Planet had filed notice with the IAB on July 6, 1984 that Herring was a subscriber to worker's compensation. The July 6, 1984 notice states that policy two is a "rewrite" of policy one, effective from August 1, 1983. *See* TEX.REV.CIV.STAT. art. 8308, § 18a (Vernon Supp.1987). Jasso argues that once notice of coverage is given under section 18a, the insurance company is liable under the worker's compensation laws until notice of cancellation is given under section 20a.

The parties disagree on the effect of section 18a notice on policy two. Planet argues that there was no coverage; Jasso argues that there was. Neither side cites authority for its position and we are aware of no authority speaking to this issue.

At trial, the jury found that Planet's representation that it was not the proper insurance carrier for Herring was a mistake by Planet, and that Jasso entered into the CSA in reasonable reliance on Planet's representation. We hold that this mistake, if any, is insufficient, as a matter of law, to set aside the compromise settlement agreement because, absent fraud, the agreement settled the issue of insurance coverage.

Generally, a contract cannot be rescinded because of a mistake about a matter for which the contracting parties have assumed the risk. This Court has long recog-

nized that the extent of injury is a matter about which the parties to a worker's compensation CSA assume the risk. *Cf. Bullock v. Texas Employers Insurance Association,* 254 S.W.2d 554 (Tex.Civ.App.—Dallas 1952, writ ref'd) (refusal to set aside worker's compensation CSA on basis of representations as to injury by worker's own physician). We adopt this rule for the matter of insurance coverage and hold that a worker's compensation compromise settlement agreement cannot be set aside because the parties were mistaken in their belief as to whether worker's compensation coverage is in effect on the date of the injury. Consequently, we do not reach the question of whether section 18a notice creates coverage with respect to the worker.

The rule we adopt is consistent with the long established policy favoring voluntary settlements. *See Gillman v. Gillman,* 313 S.W.2d 931 (Tex.Civ.App.—Amarillo 1958, writ ref'd n.r.e.) (voluntary settlements are favored). The contract at issue recites that the parties are uncertain as to liability or extent of injury. These are two matters of which the parties assumed the risk and voluntarily settled without resort to the courts. This Court will not now disturb these settled matters under these facts.

The judgment of the trial court is affirmed.