**CIGNA INSURANCE COMPANY OF TEXAS, Appellant,**

v.

**Eliazar RUBALCADA, Appellee.**

No. 01–96–01108–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 15, 1998.

**410**

Annelie Menke, Gary A. Scarzafava, Houston, for Appellant.

Neal D. Cannon, Jr., Houston, for Appellee.

Before MIRABAL, NUCHIA and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

We are asked to decide if a worker receiving compensation under a Compromise Settlement Agreement (CSA) may claim additional benefits under the Workers' Compensation Act for new injuries sustained during treatment for the original injury. The answer is no. We reverse and render

judgment for the appellant, Cigna Insurance Company of Texas.

### Summary of the Facts

Eliazar Rubalcada, the plaintiff, was injured on the job in 1989. In 1991, the plaintiff and Cigna signed a CSA providing for medical care until August 1994. Cigna paid the plaintiff $38,000 and provided three years of unlimited medical benefits. The CSA provided in pertinent part:

> FUTURE MEDICAL BENEFITS: CIGNA Insurance Company of Texas will pay for reasonable and necessary future hospital and medical expenses, if any, resulting from this injury, rendered by or at the direction of Dr. Moorehouse during the period ending on 8–14–94 ... [x] except medicals not submitted as per Articles 8306, 8307 & 8309 VACS.

> . . . .

> The liability of the carrier or the extent of the injury or illness is uncertain, indefinite or incapable of being reasonably established.

In the fall of 1993, while using a treadmill as part of medical treatment for the original injury, the plaintiff sustained additional injuries that increased his incapacity and need for treatment. The plaintiff sued Cigna for a declaratory judgment, seeking to set aside the CSA to recover additional incapacity and medical benefits. In the petition, the plaintiff asserted:

> On or about November 4, 1993, while undergoing such medical care, and as a result of it, plaintiff suffered additional injuries which increased his physical incapacity and need for medical care.

The plaintiff admitted that the CSA was final under then-applicable article 8307, § 12b of the Workers' Compensation Act,[1] which provided that the Industrial Accident Board had no jurisdiction to set aside a CSA. However, he contended his need for increased medical care resulting from an injury from the medical treatment was compensable

---

1. Act of May 20, 1983, 68th Leg., R.S., ch. 501, 1983 Tex. Gen. Laws 2934, 2934–2935, *repealed by* Act of May 12, 1993, R.S., ch. 269, § 5(1), 1993 Tex. Gen. Laws 1273, 1273 (current version at TEX. LAB.CODE § 410.256 (1997)).

under article 8306, § 7 of the Workers' Compensation Act,[2] which provided that medical services "shall be furnished as reasonably required" at any time after an injury to cure and relieve effects naturally resulting from the injury. He asked the trial court to decide which provision should prevail.

Cigna filed a motion for summary judgment on the following grounds: (1) the claim was settled under the CSA; (2) articles 8307, § 12b and 8306, § 7 are harmonious, not inconsistent; and (3) a CSA supersedes the original claim. As evidence, Cigna attached a copy of the CSA and an affidavit from Rosemary Montalbano, one of its claim handlers, who swore the plaintiff had, by signing the CSA, agreed to limit his future medical care. The plaintiff submitted an affidavit in response, in which he swore that when he signed the CSA, he could not and did not foresee he might be injured during treatment. He stated he never intended to settle a claim for unforeseeable injuries and did not know he would lose his right to recover for a later injury by signing the CSA.

The plaintiff moved for summary judgment based on the following grounds: (1) the parties did not foresee the later injury; (2) there was no or inadequate consideration for the agreement; and (3) mutual mistake. He attached as proof the same affidavit he submitted in response to Cigna's motion for summary judgment. In response, Cigna argued: (1) the plaintiff did not plead or prove any grounds for setting aside the agreement; and (2) the failure to foresee a future injury did not amount to a mutual mistake. Cigna also reiterated the arguments it made in its own motion for summary judgment and resubmitted the same documents as evidence.

The trial court rendered summary judgment for the plaintiff in May 1996. This appeal ensued.

### Plaintiff's Summary Judgment

In points of error one, and three through 10, Cigna argues the trial court erred in rendering summary judgment for the plaintiff. In point of error two, Cigna argues the trial court erred in denying its motion for summary judgment. It contends the trial court erred as a matter of law, but argues, in the alternative, there is a fact issue regarding the existence of mutual mistake. The parties agree that if the CSA can be set aside, summary judgment was properly rendered for the plaintiff; if the CSA cannot be set aside, the trial court should have rendered summary judgment for Cigna.

 To succeed on a motion for summary judgment, a movant must prove it is entitled to judgment as a matter of law and there are no genuine issues of material fact. *See* Tex.R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Mayer v. State Farm Mut. Auto. Ins. Co.,* 870 S.W.2d 623, 624 (Tex.App.—Houston [1st Dist.] 1994, no writ). A plaintiff is entitled to summary judgment on its cause of action if the evidence proves as a matter of law all the elements of its claim. *Bond v. Crill,* 906 S.W.2d 103, 105 (Tex.App.—Dallas 1995, no writ); *see Wesson v. Jefferson S. & L. Ass'n,* 641 S.W.2d 903, 904–05 (Tex.1982) (because plaintiff did not prove it was defendant's duty to procure insurance, an essential element, summary judgment for plaintiff reversed); *Wright v. Christian & Smith, 950 S.W.2d 411* (Tex.App.—Houston [1st Dist.] 1997, no writ) (because defendant's affidavit created fact question, summary judgment for plaintiff reversed). A defendant is entitled to summary judgment on the plaintiff's cause of action if the evidence disproves as a matter of law at least one element of the plaintiff's claim. *Lear Siegler,* 819 S.W.2d at 471; *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

 When both parties move for summary judgment, the trial court considers all of the evidence accompanying both motions. *Commissioners Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997); *see Rose v. Baker & Botts,* 816 S.W.2d 805, 810 (Tex.App.—Houston [1st Dist.] 1991, writ denied). When the trial court grants one motion and denies the other, we can review the propriety

---

2. Act approved Mar. 28, 1917, 35th Leg., R.S., ch. 103, § 7, 1917 Tex. Gen. Laws 269, 272, *repealed by* Act of Dec. 29, 1989, 71st Leg., 2d C.S., ch.1, § 16.01(7), 1989 Tex. Gen. Laws 1, 114 (current version at Tex. Lab.Code § 408.021 (1996)).

**412**

of both orders. *Holmes v. Morales,* 924 S.W.2d 920, 922 (Tex.1996); *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400–01 (1958); *Quantum Chem. Corp. v. Harris County Appr. Dist.,* 962 S.W.2d 50, 51 (Tex.App.—Houston [1st Dist.] 1997, no writ). In such a review, we will determine all questions presented and may reverse the trial court judgment and render such judgment as the trial court should have rendered. *Agan,* 940 S.W.2d at 81; *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988).

On appeal, we resolve all doubts against the movant and view the evidence in the light most favorable to the nonmovant. *See Lear Siegler,* 819 S.W.2d at 471. We will affirm the summary judgment if any of the theories advanced in the motion for that judgment is meritorious. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex. 1996); *Pena v. Van,* 960 S.W.2d 101, 104 (Tex.App.—Houston [1st Dist.] 1997, pet. filed).

We construe the Workers' Compensation Act liberally in favor of the worker. *Lujan v. Houston Gen. Ins. Co.,* 756 S.W.2d 295, 297 (Tex.1988). Nevertheless, a CSA is binding on the parties and may be set aside only on grounds that would entitle a party to rescission at common law. *Brannon v. Pacific Employers Ins. Co.,* 148 Tex. 289, 224 S.W.2d 466, 468 (1949); *Angelina Cas. Co. v. Bennett,* 415 S.W.2d 271, 274 (Tex.App.—Houston [1st Dist.] 1967, no writ). A CSA supersedes the original claim, and a party may seek to set it aside only on allegations of fraud, mutual mistake, or other equitable grounds. *Brannon,* 224 S.W.2d at 468; *Bennett,* 415 S.W.2d at 275.

The plaintiff has not asserted fraud or any other equitable claim to set aside the CSA. The plaintiff claims the CSA should be set aside because of mutual mistake, but the only evidence he offers of a mistake is unilateral. Cigna submitted as summary judgment evidence an affidavit of a Cigna representative which stated, "The specific purpose for entering into a Compromise Settlement Agreement is to achieve finality with respect to any present or future dispute concerning the extent and nature of the claimant's injury." The record indicates unilateral mistake, not mutual mistake.

As a general rule, a mistake that justifies rescission must be a mutual, not a unilateral, mistake. *Nationwide Mut. Ins. Co. v. Toman,* 660 S.W.2d 574, 576 (Tex. App.—San Antonio 1983, no writ); *cf. Williams v. Glash,* 789 S.W.2d 261, 264 (Tex. 1990) (release can be set aside on grounds of mutual mistake). Equity may permit rescission based on a unilateral mistake only when: (1) the mistake is of so great a consequence that to enforce the contract would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake occurred despite ordinary care; and (4) the parties can be placed in status quo, *i.e.,* the rescission must not prejudice the other party except for the loss of the bargain. *James T. Taylor & Son, Inc. v. Arlington Indep. Sch. Dist.,* 160 Tex. 617, 335 S.W.2d 371, 372–73 (1960).

The plaintiff has not pleaded or proved the first requirement, that his mistake was of so great a consequence that it made the CSA unconscionable. There was no evidence introduced showing that the sum of $38,000 and three years of unlimited medical benefits was an unreasonable settlement for the plaintiff's injury.

The courts have recognized that aggravation of an injury as a result of medical treatment for the injury is possible. In *United Employers Casualty Co. v. Marr,* 144 S.W.2d 973, 976 (Tex.App.—Galveston 1940, writ dism'd judgm't cor.), we noted:

> Our courts have uniformly held that a compensable injury under the Workmen's Compensation Law includes and contemplates not only the immediate effects arising from the injury itself, but the effects of any aggravation of such injury resulting from medicinal or surgical treatment. . . .

A party to a CSA assumes the risk in regard to the extent of an injury. *Jasso v. Planet Ins. Co.,* 735 S.W.2d 273, 274–75 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). A person of ordinary care arguably could foresee such a consequence, particular-

ly when physical therapy is necessary. A claimant cannot set aside a CSA merely because his condition has worsened. *Lumbermen's Reciprocal Ass'n v. Day,* 17 S.W.2d 1043, 1044 (Tex.Comm'n App.1929, judgm't aff'd) (claimant injured eye and entered into CSA; although injured eye later had to be removed, resulting in loss of vision in remaining eye, CSA could not be set aside absent fraud or mistake); *see also Luersen v. Transamerica Ins. Co.,* 550 S.W.2d 171, 173 (Tex.App.—Austin 1977, writ ref'd n.r.e.) (although claimant developed blood poisoning after breaking arm, CSA could not be set aside).

We hold the trial court erred in rendering summary judgment for the plaintiff and in overruling Cigna's motion for summary judgment. We sustain points of error one through 10. In point of error 11, Cigna contends the trial court erred in not ruling on Cigna's special exceptions. Because of our disposition of the other points of error, we do not find it necessary to address point of error 11.

We reverse the summary judgment for the plaintiff and render judgment for Cigna.