**BANK UNITED and Utah State Retirement Investment Fund, Appellants,**

v.

**GREENWAY IMPROVEMENT ASSOCIATION, Appellee.**

**No. 01–99–00037–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 4, 1999.

---

Mark E. Lowes, Houston, for Appellants.

Nancy Wells Hamilton, Matthew Graham Zagrodzky, Houston, for Appellee.

* The Honorable Frank C. Price, former Justice, Court of Appeals for the First District of Texas

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and PRICE.*

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

We withdraw our opinion and judgment dated October 7, 1999, and issue this opinion in its stead. This is a deed restriction dispute regarding the right to erect a sign on a building. Appellants, Bank United and Utah State Retirement Investment Fund ("USRIF"), appeal an adverse ruling on cross-motions for summary judgment in favor of appellee, Greenway Improvement Association ("Greenway"). The only issue is whether procedural provisions set out generally in a subarticle of the restrictions apply to the entire set of deed restrictions. If they do, Greenway is deemed to have approved Bank United's request to erect a sign. We find they do. We reverse and remand for entry of judgment in favor of appellants and for consideration of reasonable and necessary attorneys' fees pursuant to Texas Property Code section 5.006 and Texas Civil Practices and Remedies Code section 37.009.

### Facts and Procedural History

Bank United is the principal tenant of the Phoenix Tower, an office building located in Houston, in the commercial development known as Greenway Plaza. Under its lease with USRIF, Bank United is entitled to install signs at the top of the building. However, this right is subject to deed restrictions that require Bank United to submit its plans for any proposed signs to Greenway's Architectural Control Committee for approval.

The portions of the deed restrictions relevant to this appeal are subarticles B and I in Article III. Subarticle B provides:

at Houston, participating by assignment.

Architectural Control: No improvements shall be erected, placed or altered on any Building Site until the construction plans and specifications of the proposed improvements, including, but not limited to location of the building, sidewalks, driveways, parking areas, retaining walls, screens, area coverage, outside lighting, *signs*, and setbacks have been approved in writing by the Committee. (emphasis added).

. . .

The Committee's approval or disapproval as required herein shall be in writing. *In the event the Committee fails to approve or disapprove* the plans and specifications, and plot plans for the improvements to be erected in said Building Site, of the plans and specifications for the alteration of said improvements, *within sixty (60) days after the same have been submitted to the Committee, then and in that event the same shall be deemed approved.* (emphasis added).

Subarticle I, appearing several paragraphs later under a subheading, "Signs and Feature Lighting" provides:

No signs or feature lighting of any kind shall be displayed to the public view except those signs and feature lighting *approved in writing by the Committee.* (emphasis added).

In accordance with subarticle B, USRIF, on behalf of Bank United, submitted plans and renderings for the Bank United sign to Greenway for its approval on February 3. Greenway made no response for 78 days, at which time it admitted it had not yet considered the request. Greenway then rejected Bank United's request on May 14—100 days after it was submitted.

Following Greenway's denial of its request, Bank United and USRIF filed a declaratory action to determine their rights under the lease and applicable deed restrictions. After Bank United and US-RIF moved for summary judgment, Greenway filed a cross-motion for summary judgment asserting the specific language in subarticle I controlled over the general 60–day waiver provision contained in subarticle B. Greenway argued Bank United was not entitled to install its sign without Greenway's written approval.[1] After the trial court granted Greenway's motion, this appeal followed.

### Summary Judgment Standard of Review

The summary judgment rule provides a method of summarily ending a case that involves only a question of law and no fact issues. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Cigna Ins. Co. v. Rubalcada,* 960 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1998, no pet.). When, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. *Commissioners Ct. of Titus Cty. v. Agan,* 940 S.W.2d 77, 81 (Tex.1997); *Rubalcada,* 960 S.W.2d at 411–12. We render such judgment as the trial court should have rendered. *Agan,* 940 S.W.2d at 81; *Rubalcada,* 960 S.W.2d at 411–12.

### Discussion

▬ Restrictive covenants are subject to the rules of contract construction. *Pi-*

---

1. Greenway argues it also moved for summary judgment on the ground that Bank United and USRIF waived their right to assert the proposed signage was deemed approved by requesting written approval from Greenway. Greenway's motion for summary judgment, however, asserted only that the specific provision in subarticle I controlled over the general waiver provision contained in subarticle B.

As such, Greenway's waiver argument cannot provide a basis to affirm the trial court's judgment on appeal. *See Villanueva v. Astroworld, Inc.,* 866 S.W.2d 690, 693 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (stating summary judgment cannot be affirmed on a ground not presented in the motion for summary judgment).

larcik v. Emmons, 966 S.W.2d 474, 478 (Tex.1998). The court's primary duty in construing restrictive covenants is to ascertain the intent of the parties from the language used in the instrument. *Altman v. Blake*, 712 S.W.2d 117, 118 (Tex.1986). In determining the intent of the parties, the court must liberally construe the language of the restrictions in an attempt to harmonize all aspects of the document. *Luckel v. White*, 819 S.W.2d 459, 462 (Tex. 1991); *Highlands Management Co., Inc. v. First Interstate Bank of Texas, N.A.*, 956 S.W.2d 749, 752 (Tex.App.—Houston [14th Dist.] 1997, pet. denied).

■ Greenway argues the specific provisions in subarticle I, requiring its written approval, control over the general provisions in subarticle B, permitting deemed approval if Greenway does not respond to a request within 60 days. We disagree.

The rule that specific provisions control over general provisions only applies where there is an irreconcilable conflict.[2] *Pilarcik*, 966 S.W.2d at 479. We find subarticles B and I do not irreconcilably conflict, therefore this rule of construction is not applicable. Instead, we harmonize the restrictions in a manner that gives effect and meaning to both provisions. Subarticle I requires Greenway to approve plans for proposed signage in writing, and is subject to the waiver provided for in subarticle B. Therefore, while subarticle I emphasizes that Greenway's written approval is required before any signs can be displayed, subarticle B merely sets out the procedures for obtaining Greenway's written approval. As such, the provisions compliment rather than conflict with one another.

■ Greenway argues that to interpret the proposed signage as deemed approved after 60 days impermissibly nullifies and renders subarticle I's written approval requirement meaningless. We disagree.[3] If we were to accept Greenway's argument, we would nullify the provision that "if the Committee fails to approve or disapprove [the request] within sixty (60) days after the same has been submitted . . ., then and in that event that same shall be deemed approved."[4] Instead, we give effect to both subsections so that neither is rendered meaningless. Subarticle I emphasizes Greenway must give written approval before any proposed sign may be displayed, while subarticle B sets forth the procedures to obtain such approval.

Because Greenway did not approve or disapprove Bank United and USRIF's request to install the proposed signage within 60 days, as required by subarticle B, we

2. In *Pilarcik,* the Supreme Court examined a set of residential deed restrictions. *Id.* at 476. One provision provided, "[r]oofs of composition type shingles will not be permitted." *Id.* Another provision provided if approval or disapproval is not provided within 30 days of a request, it will not be required and the restrictions will be deemed to have been complied with." *Id.* at 476–77.

The Pilarciks did not receive a response within 30 days of their request to use prohibited shingles, therefore they began installing prohibited shingles. *Id.* at 477. Other homeowners, bound by the restrictions, sued the Pilarciks. *Id.* The Supreme Court reversed the court of appeals' holding that the specific language controlled over the general, and rendered judgment for the Pilarciks. *Id.* at 479–80. The Court held the provisions did not conflict, and because a response was not provided within 30 days, the restriction was waived. *Id.*

3. The Plaintiffs in *Pilarcik* also argued that waiver of the shingle restriction would render it meaningless. *Id.* at 478–49. The Court rejected this argument. While the Court noted a construction that nullifies a restrictive covenant should be avoided, it held their construction did not waive the restriction altogether, but only as it related to the Pilarciks. *Id.* at 479. The Court noted that to accept the Plaintiff's argument would nullify the provision allowing the ACC to waive the restriction. *Id.*

4. In *Crispin v. Paragon Homes, Inc.,* a residential deed restriction case, this Court applied the rule that we must examine the entire instrument so that none of the provisions will be rendered meaningless. 888 S.W.2d 78, 81 (Tex.App.—Houston [1st Dist.] 1994, writ denied). We then held the restrictions contained no prohibition against subdividing to construct single family residences. *Crispin,* 888 S.W.2d at 81.

find that the trial court erred in holding that the proposed signage was not deemed approved. Accordingly, we reverse the judgment of the trial court and remand for entry of judgment in favor of appellants and for consideration of reasonable and necessary attorneys' fees pursuant to Texas Property Code section 5.006 and Texas Civil Practices and Remedies Code section 37.009.