**CITY OF HOUSTON, Appellant,**

v.

**Jeffrey K. RICHARD, Appellee.**

**No. 01–99–00740–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

May 25, 2000.

Rose Garcia Moriarty, Houston, for appellant.

Chad T. Hoffman, Houston, for appellee.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.[1]

## OPINION

MICHOL O'CONNOR, Justice.

The City of Houston appeals the granting of a motion for summary judgment in

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas

favor of Jeffrey K. Richard. The City claims the trial court erred because the decision of the Civil Service Commission was supported by substantial evidence and was free of any taint of illegality. We reverse and render.

### Factual Background

On December 11, 1997, a complaint was filed against Houston Police Officer Richard. The complaint alleged Richard questioned a civilian at her work place about a traffic accident involving a relative of his, that he was rude, and that he was outside his jurisdiction. The complaint was forwarded to Internal Affairs for a formal investigation. On June 7, 1998, the Chief of Police signed a letter addressed to Richard, informing him that he was suspended for two days, beginning June 12, 1998. On June 7, the Houston Police Department began its attempts to serve Richard with a copy of the letter, but was unable to serve him until June 10, 1998.

### Procedural Background

Richard filed an appeal of the suspension to the Commission. The only issue before the Commission was whether the suspension was imposed within the 180–day deadline created by Section 143.117 of the Local Government Code. The dates are as follows:

| | |
|---|---|
| December 11, 1997 | Complaint filed |
| June 7, 1998 | Department issued letter imposing a two-day suspension |
| June 9, 1998 | 180th day after the complaint |
| June 10, 1998 | Richard served with letter notifying him of the suspension |
| June 12, 1998 | Two-day suspension begins |

At the hearing before the Commission, the City claimed the notice of suspension was timely because the suspension letter was signed and issued before the 180–day deadline. The City argued that nothing in the statute requires the City to physically deliver notice of the suspension within the 180–day deadline. Richard argued the notice was not timely because he received the

at Houston, participating by assignment.

letter 181 days after the complaint was filed. The Commission, agreeing with the City, found the notice was timely.

Richard appealed the Commission's decision to the district court. Because the only issue before the trial court was a matter of law, the trial court heard the appeal de novo. Both parties moved for summary judgment. Richard's motion claimed the Commission did not correctly apply Texas Local Government Code section 143.117. The trial court, agreeing with Richard, found the notice was not timely, and granted his motion for summary judgment.

## Standard of Review

■ Texas Local Government Code section 143.015 states a Commission decision may be appealed for a trial de novo in district court. This means "a trial to determine only the issues of whether the agency's rule is free of the taint of any illegality and is reasonably supported by substantial evidence." *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex.1984). If there is substantial evidence to support the Commission's decision, the courts are bound to follow the discretion of the administrative body. *Brinkmeyer*, 662 S.W.2d at 956; *Civil Serv. Comm'n of City of Baytown v. Clemmer*, 754 S.W.2d 242, 244–45 (Tex.App.—Houston [1st Dist.] 1988, no writ). Because the agency itself is the primary fact-finding body, the question to be determined by the trial court is strictly one of law. *Brinkmeyer*, 662 S.W.2d at 956.

■ The summary judgment rule provides a method of summarily ending a case that involves only a question of law and no fact issues. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Cigna Ins. Co. v. Rubalcada*, 960 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1998, no pet.). When, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, we re-

view the summary judgment evidence presented by both sides and determine all questions presented. *Commissioners Ct. of Titus Cty. v. Agan*, 940 S.W.2d 77, 81 (Tex.1997); *Rubalcada*, 960 S.W.2d at 411–12. We render such judgment as the trial court should have rendered. *Agan*, 940 S.W.2d at 81; *Rubalcada*, 960 S.W.2d at 411–12.

## Imposition of Suspension

The issue here is the same as presented to the Commission and to the trial court: Which event—the City's signing and issuing the letter of suspension or the officer's receipt of the letter—is the "imposition" of suspension described in Section 143.117(d). In other words, for a suspension to be valid, which of those two events must take place within 180 days of the complaint?

## Analysis

The starting point to understanding a statute is the plain meaning of the statute itself. Texas Local Government Code section 143.117 provides in pertinent part, the following:

> (b) The department head may suspend a fire fighter or police officer under this section only if the person violates a civil service rule. However, the department head may not suspend a fire fighter or police officer later than the 180th day after the date the department discovers or becomes aware of the civil service rule violation.
>
> . . .
>
> (d) The suspension is void and the fire fighter or police officer is entitled to the person's full pay if:
>
> . . .
>
> (2) the suspension is imposed later than the 180th day after the date the department discovers or becomes aware of the violation that resulted in the suspension.

■ The Chief of Police signed the suspension letter 178 days after the complaint was filed, the City attempted to serve Richards 178 days after the complaint, but Richards did not receive the written notice of the suspension until 181 days after the complaint.

■ There is no case law interpreting when a suspension is "imposed" for purposes of Section 143.117. In interpreting a statute, we must construe it according to its plain language. *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985). The Code Construction Act provides that in enacting a statute it is presumed:

(1) compliance with the constitutions of this state and the United States is intended;

(2) the entire statute is intended to be effective;

(3) a just and reasonable result is intended;

(4) a result feasible of execution is intended; and

(5) public interest is favored over any private interest.

Tex. Gov't Code § 311.02; *see Korndorffer v. Baker,* 976 S.W.2d 696, 701 (Tex.App.—Houston [1st Dist.] 1997, pet. dism'd w.o.j.). When construing a statute, a court may consider:

(1) the object sought to be attained;

(2) circumstances under which the statute was enacted;

(3) legislative history;

(4) common law or former statutory provisions, including laws on the same or similar subjects;

(5) consequences of a particular construction;

(6) administrative construction of the statute; and

(7) title (caption), preamble, and emergency provision.

Tex. Gov't Code § 311.023.

Section 143.117 provides that if the City does not impose the suspension within 180 days after the complaint, the suspension is void. However, nothing in Section 143.117 defines the word "imposed."

The word "imposed" is derived from the Latin word "imponere," to put upon. Webster's New Collegiate Dictionary, p. 571 (1981 ed). In the most current West edition of Black's Law Dictionary, "impose" is defined as "to levy or exact (a tax or duty)." Black's Law Dictionary, p. 759 (West 7th ed.1999). In an earlier edition of the same dictionary, "impose" was defined as "to levy or exact as by authority; to lay as a burden, tax, duty or charge." Black's Law Dictionary, p. 680 (West 5th ed.1979). In the Oxford English Dictionary, the earliest recorded use of "impose" was "to lay (a crime, etc.) to the account of; to impute, charge." Oxford English Dictionary, vol. VII, p. 731, no. 3 (2d ed.1989). Even in more modern use, the OED defines impose as "to lay on, as something to be borne, endured, or submitted to; to inflict (something) on or upon; to levy or enforce authoritatively or arbitrarily." *Id.* at no. 4. As a further explanation, the OED defines "impose" as "to put or subject (a person, etc.) to a penalty, observance, etc." *Id.* at no. 4(d). In Webster's, "impose" is defined as "to establish or apply as compulsory." Webster's New Collegiate Dictionary, p. 571 (1981 ed). In all of the definitions, "impose" is associated with the act of placing a penalty or charge upon a person; in none of the definitions is "impose" associated with the *notice* of the penalty or charge.

■ We hold the suspension is "imposed" when the City formally reduces it to writing and issues the letter of suspension. Thus, before the expiration of the 180–day deadline, the City must commit the suspension to writing and issue the letter. It is not necessary for the City to serve the officer within the 180–day deadline.

We find that this interpretation of "imposed" is consistent with the use of that

term in criminal matters relating to the imposition of sentences. A sentence is "imposed" or placed upon a defendant when the trial court announces it in open court, which date must be recorded in the judgment. See Tex.Code Crim. P. art. 42.01, § 1(17) ("The judgement should reflect: ... [t]he date sentence is imposed.")

### Conclusion

Because the City signed and issued the letter of suspension within 180 days from the date of the complaint, we sustain the City's point of error, reverse the trial court's judgment, and render judgment in favor of the City that Richard take nothing and the City recover attorney's fees.