Opinion issued July 1, 2004 













In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00895-CV
____________
 
WAUSAU UNDERWRITERS INSURANCE COMPANY, Appellant
 
V.
 
GENERAL ELECTRIC COMPANY, Appellee
 

 
 
On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 01-25399
 

 
 
MEMORANDUM OPINION
            Appellant, Wausau Underwriters Insurance Company (Wausau), challenges
the trial court’s rendition of summary judgment in favor of appellee, General Electric
Company (GE), in Wausau’s subrogation suit to recover $5 million that Wausau paid
in settlement of a products liability suit against its insured. GE was not a party to the
products liability suit. In two issues, Wausau contends that the trial court erred in
granting GE’s motion for summary judgment because (1) Wausau may legally assert
its indemnity/subrogation claim regardless of whether GE was a party to the
underlying products liability action and (2) any recovery by Wausau from GE would
not constitute “double recovery.” We affirm.
Background
          Charles and Sherry Horn’s grandson was visiting when their home caught on
fire. Their grandson suffered severe and permanent injuries as a result of the fire. 
The Horns sued several extension cord manufacturers and Wal-Mart, alleging that the
fire was caused by defects in an extension cord that they purchased from Wal-Mart.


 
Wal-Mart filed a cross-claim seeking indemnity from the manufacturer of the cord. 
The Horns nonsuited most of the manufacturers and settled with the remaining
manufacturer, Woods Industries, Inc., and Wal-Mart. Wausau insured Woods, and
Wal-Mart–the seller–was listed as an “also insured” on Woods’s policy with Wausau. 
Wausau paid $15 million in settlement—$10 million on behalf of Woods and $5
million on behalf of Wal-Mart.   Three lawsuits followed the settlement with Woods
and Wal-Mart. 
          First, the Horns’ grandson, Clifton Hall, now the age of majority, filed a
products liability suit against GE alleging that GE, and not Woods, manufactured the
defective extension cord.


 Hall and Wausau entered into a “reimbursement
agreement,” wherein Wausau agreed to pay Hall’s expenses for his suit, and, in
return, Hall agreed to share part of any recovery from GE with Wausau. The trial
court dismissed the suit and found that Hall was judicially estopped from alleging that
GE was the manufacturer after he had so vigorously asserted in the prior proceeding
that Woods manufactured the defective extension cord. Further, the trial court found
that, because Hall argued in the underlying suit that Woods was the only
manufacturer of the cord, he “effectively disavowed any claims that he might have
made against GE in that litigation.” Hall appealed the dismissal, and the United
States Court of Appeals for the Fifth Circuit affirmed the trial court’s dismissal.


 
          Second, Wausau and Woods jointly brought a legal malpractice action against
Woods’s lead counsel of record, Jay D. Hirsch.


 The suit against Hirsch is currently
pending in Harris County.
          The third suit filed after the settlement is the case before this Court. Wausau,
“as real party in interest for Wal-Mart,” brought this subrogation action against GE
alleging that GE, not Woods, manufactured the defective extension cord. Wausau,
relying on section 82.002 of the Civil Practice and Remedies Code,


 asserted that
Wal-Mart was entitled to indemnity from GE for the $5 million paid in the settlement
of the Horn suit. GE sought a traditional summary judgment on the grounds that (1)
Wausau could not seek indemnity from a manufacturer whose product was not
alleged to be defective, (2) Wausau could not recover indemnity because its claim
was derivative of Clifton Hall’s right to recover, and (3) Wal-Mart cannot seek a
double recovery after obtaining complete indemnity from another manufacturer. The
trial court granted GE’s motion for summary judgment without stating the basis for
its order.
Standard of Review 
          A party moving for traditional summary judgment has the burden of proving
that there is no genuine issue of material fact and that it is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt., 690 S.W.2d 546,
548 (Tex. 1985); Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d 663, 670 (Tex.
App.—Houston [1st Dist.] 1996, no writ). When deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true. Nixon, 690 S.W.2d. at 548-49. Every reasonable
inference must be indulged in favor of the non-movant and any doubts resolved in its
favor. Id. When, as happened here, a trial court does not state the basis for its
decision in its summary judgment order, as in this case, we must uphold the order if
any of the theories advanced in the motion is meritorious. See Cincinnati Life Ins.
Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996); Cigna Ins. Co. v. Rubalcada, 960
S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1998, no pet.).
Double Recovery
          In its second issue, Wausau contends that the trial court erred in granting GE’s
motion for summary judgment because any recovery by Wausau from GE would not
constitute “double recovery.” 
          Wausau sued GE in subrogation. “Subrogation” is the right of one who has
paid an obligation that another should have paid to be indemnified by the other. 
Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc., 106 S.W.3d 118, 133 (Tex.
App.—Houston [1st Dist.] 2002, pet. denied). The object of such subrogation is to
prevent the insured from receiving a double recovery. Id. An insurer’s right to
subrogation derives from the rights of the insured and is limited to those rights. Id. 
Rights conferred by subrogation are entirely derivative of the subrogor’s interests, to
which the subrogee merely succeeds. Guillot v. Hix, 838 S.W.2d 230, 232 (Tex.
1992). Because a subrogation action is derivative, the defendant in such an action
may ordinarily assert any defense he would have had in a suit by the subrogor. Id. 
As the name implies, subrogation occurs only if it is equitable. Thus, it is used to
prevent the unjust enrichment of a debtor whose debt has been paid. First Nat’l Bank
of Kerrville v. O’Dell, 856 S.W.2d 410, 415 (Tex. 1993) (holding doctrine did not
apply when creditor paid off other creditors’ liens, without benefit to debtor).           GE argues that, even if Wausau was entitled to bring a subrogation claim, such
claim must fail because Wal-Mart could not recover the full amount of its damages
from two different manufacturers. We agree.
          In 1935, the Commission of Appeals of Texas was confronted with the
question, “What right has [the plaintiff], who has been fully compensated for his
injuries, to recover further damages? The only answer which accords with justice and
the authorities is that he has none.” Bradshaw v. Baylor Univ., 84 S.W.2d 703, 705
(Tex. 1935). The court noted that, “[t]here being but one injury, there can, in justice,
be but one satisfaction for that injury.” Id.
          A double recovery exists when a plaintiff obtains more than one recovery for
the same injury. Stewart Title Guar. Co. v. Sterling, 822 S.W.2d 1, 7 (Tex. 1991). 
A party is not entitled to a double recovery. Waite Hill Servs., Inc. v. World Class
Metal Works, Inc., 959 S.W.2d 182, 184 (Tex. 1998).
          Assuming, without deciding, that Wausau is Wal-Mart’s subrogor in this case,
Wausau “stands in the shoes” of Wal-Mart and may only proceed against GE to the
same extent that Wal-Mart could do so. See Tesoro, 106 S.W.3d at 133. Wal-Mart,
however, has already been fully indemnified by Woods, and thus “compensated” for
its exposure in the underlying suit. Accordingly, Wal-Mart has already been made
whole. Therefore, allowing Wausau, standing in Wal-Mart’s shoes, to pursue its
claim against GE would result in manifest injustice. We hold that the trial court did
not err in granting summary judgment to GE on the ground that Wal-Mart could not
seek a double recovery after obtaining complete indemnity from Woods through
Wausau.
          We overrule Wausau’s second issue.              
Conclusion
          Having held that the trial court did not err in granting summary judgment in
favor of GE on the ground that Wal-Mart could not seek double recovery, we need
not address Wausau’s first issue. We affirm the judgment of the trial court.
 

                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.