The CADLE COMPANY, Appellant,

v.

Roy H. BRAY, Appellee.

No. 01–06–00899–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 24, 2008.

Rehearing Overruled April 8, 2008.

Ann E. Webb and Mark A. Kerstein, Buck, Keenan, Gage, Little & Lindley, L.L.P., Houston, TX, for Appellant.

J. Marcus Hill, Hill & Hill, P.C., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant, The Cadle Company ("Cadle"), appeals the summary judgment rendered in favor of appellee, Roy H. Bray, that collaterally attacked and declared void a default judgment against Bray in an earlier case involving the same two parties.

Cadle contends that the trial court improperly granted summary judgment because (1) Cadle's petition to revive the dormant judgment that led to the default was a properly filed "action of debt"; (2) the Harris County Court at Law had subject-matter jurisdiction over Cadle's petition to revive the judgment underlying the default judgment; and (3) the claims brought by Bray are barred by res judicata. We conclude that County Court at Law No. 1 had subject-matter jurisdiction to render the default judgment and the remainder of Bray's challenges are barred by res judicata. We reverse and render judgment in favor of Cadle.

## Background

Bray executed a promissory note payable to Security Bank in the amount of $60,000. *Bray v. Cadle Co.*, 880 S.W.2d 813, 815 (Tex.App.-Houston [14th Dist.] 1994, writ denied). The note was secured by a Transfer of Note and Liens, covering a promissory note in the amount of $90,000. *Id.* When Bray failed to pay the fourth quarter interest, Security Bank sought full payment on the note. *Id.* The Federal Deposit Insurance Corporation ("FDIC") became the receiver of the note when Security Bank ceased operating. *Id.* The FDIC sold all of Security Bank's notes, including both Bray's note and the note securing Bray's note, to Cadle. *Id.*

Cadle sued Bray for recovery of the debt in Harris County Court at Law No. 1. On January 28, 1993, pursuant to a jury verdict, the trial court rendered judgment in favor of Cadle for $20,568.53, plus pre- and post-judgment interest, attorney's fees and attorney's fees on appeal. *Id.* Bray never paid the judgment against him.

Almost 12 years later, on January 13, 2005, Cadle filed a lawsuit seeking to revive the 1993 judgment against Bray. The pleading asserted that under section

34.001(a) of the Texas Civil Practice and Remedies Code,[1] the judgment rendered January 28, 1993 had become dormant since it was not executed within 10 years of its rendition. The petition pleaded that under section 31.006 of the Texas Civil Practice and Remedies Code,[2] the judgment became dormant on January 28, 2003, but it could be revived within two years of that date. The petition to revive filed by Cadle stated that jurisdiction was based on "the judgment previously rendered in Cause No. 579,602; *The Cadle Company v. Roy H. Bray;* in County Court at Law No. 1, Harris County, Texas." Although the petition showed that jurisdiction was proper in Harris County Court at Law No. 1, the clerk assigned the case to Harris County Court at Law No. 3. Bray was served but did not answer. Subsequently, the Harris County Administrative Judge transferred the case to Harris County Court at Law No. 1. In the order transferring the case, the administrative judge stated, "Pursuant to the local rules, [cause number 829,990] previously filed in court 579,602 [sic] under docket number 1[sic], is transferred to the County Court at Law No. One, Harris County Texas." Harris County Court at Law No. 1 granted a default judgment in favor of Cadle on August 25, 2005. In the default judgment, the trial court revived the underlying 1993 judgment and awarded Cadle $71,191.38, which was the amount of the original judgment plus interest. The default judgment noted that Bray was "duly and legally cited to appear and answer," but he defaulted by failing to appear and answer.

On November 11, 2005, Bray filed this suit against Cadle, seeking a declaratory judgment that the default judgment reviving the 1993 judgment was void for three reasons. First, Bray contended that the default judgment was void because County Court at Law No. 3 did not have subject matter jurisdiction to revive the 1993 judgment, which was rendered by County Court at Law No. 1. Bray explained that the suit to revive filed by Cadle was not an action of debt, since it sought only to revive the underlying 1993 judgment, and that it was instead an action *for scire facias,* over which County Court at Law No. 1 had exclusive jurisdiction. Bray stated further that the transfer of the case to County Court at Law No. 1 did not give that court jurisdiction to hear the matter "since jurisdiction is determined at the time the suit is filed." Second, Bray pleaded that the default judgment was void because County Court at Law No. 1 lacked personal jurisdiction over Bray. Specifically, Bray stated that he "was never served with a citation or petition showing that the cause number 829,990 was filed" in County Court at Law No. 1. Bray contended that the citation and petition in County Court at Law No. 3 were nullities. Third, Bray asserted that the default judgment was unsupported by the pleadings. Bray explained that the petition in cause number 829,990 is not an action of debt since only costs of court were requested, and that the default judgment is not supported by Cadle's pleadings. Cadle answered denying Bray's claims and pleading the affirmative defenses of estoppel, laches, and res judicata. By agreement of the parties, this suit seeking the declaratory judgment was transferred from County Court at Law No. 3 to County Court at Law No. 1.

Cadle filed a motion for summary judgment, asserting that res judicata barred Bray's collateral attack and that Cadle's suit to revive the judgment was "a new

---

**1.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 34.001(a) (Vernon 2001).

**2.** *See* TEX. CIV. PRAC. & REM.CODE ANN. § 31.006 (Vernon 2001).

action of debt" and not a motion for *scire facias* that had to be filed in the court that rendered the original judgment. Cadle also asserted that its suit to revive was properly transferred from County Court at Law No. 3 to County Court at Law No. 1.

Bray responded and filed a cross-motion for summary judgment claiming that County Court at Law No. 3 did not have subject matter jurisdiction over Cadle's suit to revive the 1993 judgment because it was a motion for *scire facias;* that County Court at Law No. 1 did not have personal jurisdiction over Bray because he was served with the petition while it was pending in County Court at Law No. 3, a court that never had proper jurisdiction over the *scire facias* motion; and that the default judgment was unsupported by the pleadings. The trial court granted Bray's motion for summary judgment without stating the grounds for the ruling. Cadle filed a motion for new trial, which was denied. The trial court rendered final judgment in favor of Bray declaring the default judgment void and void *ab initio* and awarded Bray attorney's fees.

### Summary Judgment

We review a trial court's grant of summary judgment de novo. *Valence Operating Co. v. Dorsett,* 164 S.W.3d 656, 661 (Tex.2005). Summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant, take all evidence favorable to the nonmovant as true, and resolve any doubts in favor of the nonmovant. *Valence,* 164 S.W.3d at 661.

When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary judgment evidence presented by both sides and determine all questions presented. *Comm'rs Ct. v. Agan,* 940 S.W.2d 77, 81 (Tex.1997); *Cigna Ins. Co. v. Rubalcada,* 960 S.W.2d 408, 411–12 (Tex.App.-Houston [1st Dist.] 1998, no pet.). We render such judgment as the trial court should have rendered. *Agan,* 940 S.W.2d at 81; *Rubalcada,* 960 S.W.2d at 412. When, as here, a summary judgment does not specify the grounds on which it was granted, we will affirm the judgment if any one of the theories advanced in the motion is meritorious. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 157 (Tex.2004). Declaratory judgments decided by summary judgment are reviewed under the same standards of review that govern summary judgments generally. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.010 (Vernon 1997); *Lidawi v. Progressive County Mut. Ins. Co.,* 112 S.W.3d 725, 730 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

### A. Subject Matter Jurisdiction

In its first issue, Cadle contends that the trial court erred by rendering summary judgment that declared void the default judgment on the ground that County Court at Law No. 1 lacked subject matter jurisdiction over the matter.

Subject matter jurisdiction may be challenged at any time. *See Tex. Employment Comm'n v. Int'l Union of Elec., Radio and Mach. Workers, Local Union No. 782,* 163 Tex. 135, 352 S.W.2d 252, 253 (1961). The question of subject matter jurisdiction is a legal question that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228 (Tex.2004). Our task is to examine the pleadings, to take as true the facts pleaded, and to determine whether those facts

support jurisdiction in the trial court. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). We construe the pleadings in favor of the pleader. *Id.*

■ The default judgment was issued by County Court at Law No. 1, the same court that issued the underlying 1993 judgment. Thus, assuming Bray is correct that the suit to revive was a *scire facias* claim and that it had to be resolved in the same court that issued the underlying judgment,[3] the record here undisputedly shows that the default judgment was issued by the same court that issued the underlying judgment for that claim. The record further undisputedly shows that Cadle attempted to have the case filed in County Court at Law No. 1 by stating in its petition that jurisdiction was proper in County Court at Law No. 1 due to the judgment that was previously rendered in that court. Cadle, therefore, attempted to have the case assigned to the court that rendered the prior judgment. Bray contends that we must determine whether there is subject matter jurisdiction at the time the case is filed. However, it is undisputed that County Court at Law No. 1 had jurisdiction at the time the case was filed because the prior judgment was issued in that court.

The challenge by Bray is narrow. Bray claims that because Cadle's suit to revive was *assigned* by the county clerk to County Court at Law No. 3 instead of County Court at Law No. 1, where the *scire facias* claim belonged, that County Court at Law No. 1 never properly had jurisdiction over the claim, despite the transfer by the administrative judge, who ordered the claim transferred from County Court at Law No.

3 to County Court at Law No. 1. Assuming that the claim was for *scire facias* as Bray asserts and that the *scire facias* claim had to be resolved in the same court that issued the underlying judgment, we cannot conclude that the initial assignment of the case in County Court at Law No. 3 rather than County Court at Law No. 1, the latter being expressly referred to in the petition, deprives County Court at Law No. 1 of subject matter jurisdiction.

Bray filed a "Post Argument Brief," in which he cites to *Texas Employers' Ass'n v. Cashion,* a case that he claims is distinguishable and "does not appear to be well reasoned." *See Tex. Employers' Ass'n v. Cashion,* 130 S.W.2d 1112, 1113 (Tex.Civ. App.-Dallas 1939, writ ref'd). We disagree. The circumstances in *Cashion* concern a bill of review, but are procedurally similar to those here. *See id.* In *Cashion,* the plaintiff's petition contained a caption that named both the plaintiff and defendant, bore the address "In the 14th Judicial District, Dallas County, Texas," and was handed to the district clerk with the oral statement that it was being filed in the 14th District Court, but the clerk instead assigned the petition a number that belonged to the 116th District Court. *Id.* The 116th District Court entered an order purporting to transfer Cashion's cause to the 14th District Court. *Id.* The 14th District Court issued the citation for Cashion's cause and, after the defendant answered, sustained the defendant's general demurrer in a trial on the pleadings. *Id.* In its appeal, the defendant asserted that the action of the 14th District Court was an adjudication upon the merits of Cashion's pleading as a bill of review and that the trial court erred by dismissing Cash-

---

**3.** The parties dispute whether the claim was a claim for *scire facias* or a claim for recovery of a debt. Bray contends that since the matter was a *scire facias* claim, it had to be brought in County Court at Law No. 1. Cadle responds that the claim was a debt claim that could be brought in any court with jurisdiction.

ion's case without prejudice. *Id.* The Dallas Court of Appeals disagreed, noting that the 14th District Court's judgment recited that the dismissal was on the ground of jurisdiction alone and therefore was not an adjudication of the merits of Cashion's cause of action. *Id.* In reversing the trial court's dismissal of Cashion's cause of action, the appellate court held that the trial court should have overruled the demurrer and set the cause on the trial court's regular docket for trial. *Id.* at 1114. Thus, the appellate court determined that the district court had jurisdiction over the case, even though the district court received the case by transfer from another district court within the same county. *See id.* at 1113. The appellate court noted that Cashion's "intention, manifested by his acts, was to file his petition in the court that had originally rendered the adverse judgment, for it was maintainable in no other." *Id.* The appellate court said that Cashion "performed every act legally required of him to place his case before the only court that could entertain his bill," and that the clerk's failure to properly make an "endorsement on the paper left with him does not prejudice the valuable right of the party filing the same." *Id.*

Bray contends *Cashion* is distinguishable because Cadle did not perform every legal act required of it to place its case before County Court at Law No. 1. Bray states that Cadle (1) failed to place the court number or original cause number in the caption of the petition that were left blank by Cadle, (2) took no action to change the style of the cause after the case was transferred by continuing to name County Court at Law No. 3 in the captions of the motions it filed, and (3) allowed the case to be dismissed for want of prosecu-

tion.[4] Of these three circumstances asserted by Bray, the only circumstance pertinent to the time of the initial filing is the caption on the original petition, which was left blank rather than filled in with the information for County Court at Law No. 1. But, as noted above, within the petition was a statement that the case would be properly assigned to County Court at Law No. 1. We agree with the reasoning of *Cashion* that a plaintiff's petition that includes a statement concerning the proper court for the case to be assigned is sufficient to show the plaintiff's intent concerning the court to which the case should be assigned. *See id.* We also agree with the reasoning of *Cashion* that the transferee court did not lose subject-matter jurisdiction merely because it received the case by transfer from another court of concurrent jurisdiction within the same county. *See id.*

Also in his "Post Argument Brief," Bray refers to the transfer of cases authorized by the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 74.121(a) (Vernon 2006). Section 74.121 of the Government Code states,

> The judges of constitutional county courts, statutory county courts, justice courts, and small claims courts in a county may transfer cases to and from the dockets of their respective courts, except that a case may not be transferred from one court to another court without the consent of the judge of the court to which it is transferred and may not be transferred unless it is within the jurisdiction of the court to which it is transferred.

*Id.*

■ Bray states, "Although Section 74.121 is silent on whether the transferring

---

4. The record shows that the case was dismissed for want of prosecution on August 8, 2005 and Cadle filed a motion to reinstate on

August 17, 2005. The motion was granted and final default judgment entered on August 25, 2005.

court must have jurisdiction over the case being transferred, it is sound legal reasoning that the legislature presumed that a court has jurisdiction over a case that it intends to transfer." The plain language of section 74.121 specifically provides that these courts may transfer cases between them. *See id.* Nothing in the rule requires that the transferor court have subject matter jurisdiction for the administrative judge to have authority to transfer the case. *See id.* The only limitations to transfer, consent by the transferee court and jurisdiction by the transferee court, are not challenged by Bray. *See id.* Thus, the transfer of the case was proper under the terms of section 74.121 of the Government Code. *See id.*

County Court at Law No. 1 issued both the underlying 1993 judgment and the default judgment reviving the 1993 judgment. We cannot conclude that County Court at Law No. 1 never had subject matter jurisdiction over the claim, which was properly filed with the county clerk's office by Cadle, merely because the clerk originally assigned Cadle's suit to a companion court within the same county. *See id.* We hold that the trial court erred by rendering summary judgment on the ground that County Court at Law No. 1 lacked subject matter jurisdiction to issue the default judgment and by declaring void the default judgment.

### B. Personal Jurisdiction

In its second issue, Cadle contends that the trial court erred by rendering summary judgment that declared void the default judgment because County Court at Law No. 1 lacked personal jurisdiction over Bray. Bray was served with citation in Cadle's suit to revive while it was pending in County Court at Law No. 3 and received notice of the lawsuit. However, Bray claims that County Court at Law No. 1 never had personal jurisdiction over him due to the failure to serve him with a petition that named County Court at Law No. 1.

The judgment in cause number 829,990 was a default judgment. The Texas Rules of Appellate Procedure and case law provide procedures to challenge a default judgment through a restricted appeal or a bill of review. *See* TEX.R.APP. P. 30 (restricted appeal); *Caldwell v. Barnes,* 154 S.W.3d 93, 96–97 (Tex.2004) (bill of review). A restricted appeal is a direct attack on a judgment.[5] *Roventini v. Ocular Scis., Inc.,* 111 S.W.3d 719, 721 (Tex. App.-Houston [1st Dist.] 2003, no pet.). A bill of review is an equitable proceeding brought by a person seeking to set aside a judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell,* 154 S.W.3d at 96–97; *Wolfe v. Grant Prideco, Inc.,* 53 S.W.3d 771, 773 (Tex.App.-Houston [1st Dist.] 2001, pet. denied).[6] Bray opted not to challenge the

---

**5.** The elements necessary to succeed on a restricted appeal are: (1) the notice of restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who neither participated in the hearing that resulted in the judgment nor filed a timely post-judgment motion or request for findings of fact and conclusions of law; and (4) the face of the record must disclose the claimed error. *Norman Commc'ns v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex.1997); *Roventini v. Ocular*

*Scis., Inc.,* 111 S.W.3d 719, 721 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

**6.** A bill of review plaintiff must prove (1) a meritorious claim or defense to the cause of action that supports the judgment, (2) which she was prevented from making by fraud, accident, or wrongful act of the opposing party, (3) unmixed with any fault or negligence of her own. *Caldwell v. Barnes,* 154 S.W.3d 93, 96 (Tex.2004); *Wolfe v. Grant Prideco, Inc.,* 53 S.W.3d 771, 773 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). Addi-

default judgment through a restricted appeal or bill of review. *See* Tex.R.App. P. 30; *Caldwell,* 154 S.W.3d at 96–97. Instead, Bray challenges the court's personal jurisdiction over him in the default judgment by collaterally attacking the judgment in this case through this petition for a declaratory judgment.

■ Having failed to challenge the default judgment through a restricted appeal or bill of review, Bray may not now challenge personal jurisdiction in this collateral attack. When reviewing a collateral attack, we presume the validity of the judgment under attack. *Shackelford v. Barton,* 156 S.W.3d 604, 606 (Tex.App.-Tyler 2004, pet. denied); *Johnson v. Ventling,* 132 S.W.3d 173, 177 (Tex.App.-Corpus Christi 2004, no pet.); *Toles v. Toles,* 113 S.W.3d 899, 914 (Tex.App.-Dallas 2003, no pet.). The recitations of the judgment control. *Narvaez v. Maldonado,* 127 S.W.3d 313, 317 (Tex.App.-Austin 2004, no pet.); *Toles,* 113 S.W.3d at 914. The default judgment clearly shows that service was accomplished on Bray, stating that Bray had "been duly and legally cited to appear and answer." We hold that the trial court erred by rendering summary judgment in favor of Bray on the ground that the court lacked personal jurisdiction over Bray when it issued the default judgment.

## Res Judicata

In its third issue, Cadle contends that the trial court erred by failing to grant its motion for summary judgment on the ground that Bray's challenges are barred by res judicata.

■ The doctrine of res judicata bars a second suit by parties on matters actually litigated in an earlier suit, as well as claims " 'which, through the exercise of diligence, could have been litigated in a prior suit.' " *Getty Oil Co. v. Ins. Co. of N. Am.,* 845 S.W.2d 794, 799 (Tex.1992) (quoting *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 631 (Tex.1992)). Texas follows the transactional approach to res judicata, which requires claims arising out of the same subject matter to be litigated in a single lawsuit. *Hallco Tex., Inc. v. McMullen County,* 221 S.W.3d 50, 58 (Tex. 2006); *Barr,* 837 S.W.2d at 631. For res judicata to apply, there must be: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Amstadt v. U.S. Brass Corp.,* 919 S.W.2d 644, 652 (Tex. 1996).

■ Having held that the trial court had subject matter jurisdiction over the matter,[7] Bray's remaining challenges to the default judgment, including his assertion that the default judgment was not supported by proper pleadings, are barred by res judicata. We hold that the trial court erred by failing to grant Cadle's motion for summary judgment.

---

tionally, a bill of review is proper only when a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment. *King Ranch v. Chapman,* 118 S.W.3d 742, 751 (Tex.2003); *Wolfe,* 53 S.W.3d at 773. This due diligence requirement is distinct from the three elements of the bill of review. *Caldwell v. Barnes,* 975 S.W.2d 535, 537–38 (Tex.1998).

7. Res judicata does not preclude a challenge to the subject matter jurisdiction of the court over the matter. *Harrison v. Gemdrill Int'l, Inc.,* 981 S.W.2d 714, 718 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). Because res judicata would not bar a challenge to the subject matter jurisdiction of the court over the claim, we first determined whether County Court at Law No. 1 lacked subject matter jurisdiction over Cadle's suit to revive.

**Conclusion**

We reverse and render judgment that Bray take nothing in his suit to declare the default judgment void.