Opinion issued May 3, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00487-CV

———————————

JERRI BATES, Appellant

V.

KINGSPARK AND WHITEHALL CIVIC
IMPROVEMENT ASSOCIATION, Appellee

 

 



On Appeal from the 405th District Court

Galveston
County, Texas

Trial
Court Cause No. 10CV1434

 

 



MEMORANDUM OPINION

          Appellant,
Jerri Bates, challenges the trial court’s rendition of summary judgment in
favor of appellee, Kingspark and Whitehall Civic
Improvement Association (“KWCIA”), in KWCIA’s suit against Bates for violations
of restrictive covenants.  In two issues,
Bates contends that the summary-judgment record contains disputed issues of
material fact and the trial court’s permanent injunction is “overly broad” and
improperly “references and relies upon another document.”

          We affirm in part and reverse and
remand in part.

Background

          In its
petition, KWCIA, the homeowner’s association for the subdivision in which Bates
owns a home, alleged that Bates was in “substantial violation” of a number of
restrictive covenants contained within the subdivision’s Declaration of
Covenants, Conditions and Restrictions (the “Declaration”) by refusing to
remove a “flatbed trailer” parked on the street in front of her home, an “inoperable
vehicle” stored on the driveway of her home, and “miscellaneous items” stored on
the driveway, side, and lawn of her home; refusing to “replace and repaint the
fascia boards” on the front of the home and the trim surrounding the garage;
and refusing to “maintain the lawn” of her home “by mowing, edging and weeding.”  KWCIA contended that the condition of Bates’s home constituted “a nuisance and annoyance” to the subdivision.  It also noted that it had sent Bates
“numerous requests” to comply with the Declaration, Bates had refused to comply,
the condition of Bates’s home adversely affected all other
home owners, and KWCIA had no adequate remedy at law.  

In its prayer, KWCIA sought an injunction to order Bates to remove the flatbed trailer
stored in the street; remove from public view the inoperable vehicle stored on
the driveway and the miscellaneous items stored on the driveway, side, and lawn
of the home; replace and repaint the fascia boards on the front of the home and
the trim surrounding the garage; and maintain her lawn by mowing, edging and
weeding on a “regular basis.”  KWCIA also
sought statutory damages in an amount not to exceed $200 per day[1] for violations of the
restrictive covenants as well as its attorney’s fees.[2]  

Bates filed, pro se, her answer in
which she “dispute[d] the charges.”  KWCIA
then filed a summary-judgment motion, to which it attached the affidavit of
Vivian Martin, Vice President of KWCIA. 
Martin testified that Bates had failed to maintain her property and Bates’s home constituted a nuisance.  Specifically, Martin testified that,

[Bates had] failed and
refused (a) to remove the flatbed trailer stored in the street in front of the
residence. . . ; (b) to remove from public view the inoperable vehicle stored
on the driveway. . . ; (c) to remove from public view miscellaneous items
stored on the driveway and side of said property, including but not limited to
items stored under a tarp, exercise equipment, folding table, sawhorses,
garbage cans and bags of trash; (d) to remove miscellaneous items stored upon
the lawn. . . ; (e) to replace and repaint the fascia boards on the front of
the house and the trim surrounding the garage of the property; and (f) to
maintain the lawn, by mowing, edging and weeding.  These conditions are inconsistent with the
Declaration governing [the subdivision], and such conditions are adversely
affecting the attractiveness and value(s) of surrounding properties.

 

Martin attached to her affidavit a copy of Bates’s deed establishing her ownership of a home and the
Declaration, which provided, among other things, that

(7)     No
noxious or offensive activity shall be carried on upon any lot, nor shall
anything be done thereon which may be or may become an annoyance or nuisance to
the subdivision. 

 

. . . . 

 

(11)   No lot
shall be used or maintained as a dumping ground for rubbish, trash, garbage or
other waste shall not be kept except in sanitary containers . . . ,

 

. . . . 

 

 

(15)   No trucks,
vans, trailers, boats, or any vehicle other than passenger cars will be
permitted to park on streets or on drives in front of residences for longer
than a 12 hour period.

 

Martin also attached to her affidavit the notices
that KWCIA had sent to Bates regarding her violations of the subdivision’s restrictive
covenants.  On May 2, 2009, KWCIA sent Bates a
letter informing her that she was in violation of multiple covenants, including
the covenant precluding her home from constituting an annoyance or nuisance to
the subdivision.  KWCIA noted that the
Declaration required Bates to “upkeep property . . . appearance” by keeping her
grass trimmed and her walks and curbs in a “neat manner,” remove clutter,
timely repair structural damage, and timely remove empty garbage cans.  KWCIA also cited the covenant precluding the
parking of trucks and trailers on the streets or drives.  On June 22, 2009, KWCIA sent Bates a “final
violation notice” informing her that she continued to be in violation of the
same deed restrictions cited in its previous letter.  On October 16, 2009, KWCIA’s legal counsel
sent Bates a letter informing her that the condition of her home violated the subdivision’s
restrictive covenants and detailing the conditions of the property that
violated the covenants, including the storage of a flatbed trailer in front of
the home, the storage of an inoperable vehicle in the driveway, the storage of
miscellaneous items on the driveway under a blue tarp, the storage of miscellaneous
items on the side of the home and lawn, and the poor condition of the home’s
fascia boards and yard.  On December 29,
2009, KWCIA’s legal counsel sent Bates a “final notice prior to lawsuit,”
citing the previously reported conditions of the property as constituting
violations of the restrictive covenants.  On January 19, 2010, KWCIA’s legal counsel
sent Bates another letter regarding her “multiple deed restriction violations,”
including the improper storage of a flatbed trailer, an inoperable vehicle, and
miscellaneous items.  The letter detailed
Bates’s inadequate exterior and lawn maintenance, and
it referenced attached invoices that detailed the costs expended by KWCIA
regarding Bates’s violations.  

Martin
also attached to her affidavit multiple photographs of Bates’s
home.  These photographs depict a large
flatbed trailer parked in the front yard of the home and a large pop-up tent erected
in the driveway in the front of the home under which various items, including a
large wooden pallet, were being stored.   Finally, KWCIA attached to its
summary-judgment motion an affidavit from its counsel in which he testified in
support of his request for an attorney’s fees award in the amount of $1,700.

          In response to KWCIA’s summary-judgment
motion, Bates sent a letter to the trial court informing it that she had a
“situation” at her house and had “electrical work in progress since
August.”   Bates subsequently obtained
counsel and filed a response to KWCIA’s summary-judgment motion in which she asserted
that the “facts in this case remain very much in dispute.”[3]  In her attached affidavit, Bates testified
that “[n]o inoperable vehicle sits upon the [p]roperty”;
“[n]o miscellaneous items are stored under a tarp out in the open on [her]
driveway or on the side of the [p]roperty”; “[n]o
exercise equipment, folding tables, sawhorses, or bags of trash are stored in the
open on [her] driveway or on the side of the [p]roperty”;
“in accordance with the residential covenants, [she] stores [her] garbage in
sanitary containers at the side of the [p]roperty”;
“no miscellaneous items are stored upon [her] front lawn at the [p]operty”; “[t]he fascia siding and trim surrounding [her]
house and garage . . . are not in need of repair or paint”; “[a]fter a protracted fight with [her] insurance company, [she]
repaired the fascia siding, which is presently in good condition”; and she “adequately
maintain[s] [her] lawn.”  In regard to
the flatbed trailer, Bates testified,

I have kept a flatbed trailer
on my driveway at the Property out of necessity for the past several months. I
normally keep the trailer stored in my backyard, but due to necessary and
ongoing electrical work I have been forced to store it in front of the house.  I pledge under oath to remove this trailer to
a permitted location by February 15, 2011.

 

Bates
attached to her affidavit photographs of her home. She asserted that the
photographs, dated February 3, 2011, demonstrated that her affidavit testimony
is correct.  In one of the attached
photographs, the pop-up tent remains fully erected in the driveway, with a
motorcycle parked underneath.  It also
reveals that the flatbed trailer remains parked in the lawn protruding beyond the
side of the home and clearly visible from the street.  One of the photographs also appears to depict
an unpainted trim board, or a board that is painted in a color in contrast with
the other trim boards on the home.

In its
reply to Bates’s response, KWCIA noted that the
photographs attached to Bates’s response depict items
stored on the driveway and a flatbed trailer parked on the lawn.  KWCIA also asserted that the photographs depict
damaged siding.  KWCIA attached to its
reply an additional photograph, dated February 16, 2011, which depicts the pop-up
tent erected in the driveway near the street with a motorcycle parked
underneath and a pile of dirt on the side yard of Bates’s
home.  KWCIA noted that Bates had only
“partially complied with the restrictive covenants,” and it complained that,
for more than one year, Bates had done only “minimal cleanup” efforts.  KWCIA requested a permanent injunction to
compel Bates to correct her violations.  

The
trial court granted KWCIA’s summary-judgment motion, stating that Bates was
contractually obligated to comply with the restrictive covenants and there was
no fact issue regarding KWCIA’s claim against Bates.  The trial court enjoined Bates from violating
the restrictive covenants and specifically ordered Bates 

(a) to permanently remove the
flatbed trailer stored upon the driveway and/or upon the street in front of the
residence . . . from the . . . subdivision, within twenty (20) days of the date
of this Order, and thereafter, [Bates] shall cease and refrain from storing any
trailer upon such property and/or upon any street within such subdivision, for
so long as [Bates] shall own and/or reside upon any property within the . .
. subdivision; (b) to permanently remove from public view the inoperable
vehicle stored on the driveway of the residence . . . within twenty (20) days
of the date of this Order, and thereafter, [Bates] shall cease and refrain from
storing any inoperable vehicle upon such property and/or upon any street within
such subdivision unless stored in a location whereby such vehicle is completely
concealed from public view, for so long as [Bates] shall own and/or reside upon
any property within the . . .  subdivision; (c) to permanently remove from
public view all miscellaneous items stored on the driveway and/or lawn of said
property, including but not limited to items stored under a tarp, exercise
equipment, folding table, sawhorses, garbage cans and bags of trash, within
twenty (20) days of the date of the Order, and thereafter, [Bates] shall cease
and refrain from storing any item, personal property, materials, debris or
otherwise upon such property, unless such item is completely concealed from
public view for so long as [Bates] shall own and/or reside upon any property
within the . . . subdivision; (d) to fully and completely repair and/or replace
and repaint the fascia boards on the front of the house and the exterior trim surrounding
the garage of the property; and (e) to maintain the lawn, by mowing, edging and
weeding such lawn at least two (2) times during each and every successive
calendar month for so long as [Bates] shall own and/or reside upon any property
within the . . . subdivision.

 

The trial court also awarded KWCIA
$1,700 in attorney’s fees.  

Standard of Review

To prevail on a summary-judgment motion, a movant has the
burden of proving that it is entitled to judgment as a matter of law and there
is no genuine issue of material fact.  Tex. R. Civ. P. 166a(c); Cathey v. Booth,
900 S.W.2d 339, 341 (Tex. 1995).  When a plaintiff moves for summary judgment on
its claim, it must establish its right to summary judgment by conclusively
proving all the elements of its cause of action as a matter of law.  Rhone–Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); Anglo–Dutch Petroleum Int’l, Inc. v. Haskell,
193 S.W.3d 87, 95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  When deciding whether there is a disputed,
material fact issue precluding summary judgment, evidence favorable to the
non-movant will be taken as true.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).
 Every reasonable inference must be
indulged in favor of the non-movant and any doubts must be resolved in its favor.
 Id. at 549.

Although our review is governed by the traditional summary-judgment
standards of review, we also note that we review a trial court’s decision to
grant or deny a permanent injunction for an abuse of discretion.  Glattly v. Air Starter Components, Inc., 332
S.W.3d 620, 642 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).  Moreover, we note that, to obtain injunctive
relief, a party must generally show (1) the existence of a wrongful act; (2)
the existence of imminent harm; (3) the existence of irreparable injury; and
(4) the absence of an adequate remedy at law.  Jim
Rutherford Invs., Inc. v. Terramar
Beach Cmty. Ass’n, 25 S.W.3d 845, 849 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied).  However, when an
injunction is sought to enforce a restrictive covenant, the movant is not
required to show proof of irreparable injury, but instead need only show that
the defendant intends to do an act that would breach the covenant.  Id.; Marcus v. Whispering
Springs Homeowners Ass’n, Inc., 153 S.W.3d 702,
707 (Tex. App.—Dallas 2005, no pet.).

An injunction must be specific in its terms and describe in reasonable
detail the acts sought to be restrained.  See Tex. R. Civ. P. 683.  An injunction should be broad enough to
prevent a repetition of the “evil” sought to be corrected, but not so broad as
to enjoin a defendant from lawful activities.  Webb v. Glenbrook Owners Ass’n, Inc., 298
S.W.3d 374, 384 (Tex. App.—Dallas 2009, no pet.).  An injunction that enjoins lawful as well as
unlawful acts may constitute an abuse of discretion.  Id.

Summary Judgment

In her first issue, Bates argues that the trial court erred
in granting KWCIA summary judgment because the “only evidence . . . consisted
of two competing affidavits” in which the parties presented “factual claims”
that were “at direct odds with one another.”

The restrictions contained in the Declaration are restrictive
covenants concerning real property.  See Tex.
Prop. Code Ann. §
202.001(4) (Vernon Supp. 2011). Restrictive covenants are
subject to the general rules of contract construction.  Uptegraph v. Sandalwood Civic Club,
312 S.W.3d 918, 925 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing Pilarcik v. Emmons,
966 S.W.2d 474, 478 (Tex. 1998)).  Our
primary duty in construing a restrictive covenant is to ascertain the parties’
intent from the language used in the instrument.  Bank United v. Greenway Improvement Ass’n,
6 S.W.3d 705, 708 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).  We must examine the covenant as a whole in
light of the circumstances present when the parties made the agreement.  Pilarcik, 966 S.W.2d at 478.

We review a trial court’s interpretation of a restrictive
covenant de novo. Uptegraph, 312 S.W.3d at 925; Air Park–Dallas Zoning Committee v.
Crow–Billingsley Airpark, Ltd., 109 S.W.3d 900, 909 (Tex. App.—Dallas 2003,
no pet.). Whether restrictive covenants are ambiguous is a matter of law
for the court to decide.  Pilarcik, 966 S.W.2d at 478.  A
covenant is unambiguous if, after appropriate rules of construction have been
applied, the covenant can be given a definite or certain legal meaning.  Uptegraph, 312 S.W.3d at 925.  In contrast, if, after applying appropriate
rules of construction, a covenant is susceptible of more than one reasonable
interpretation, the covenant is ambiguous. 
Uptegraph,
312 S.W.3d at 925.  

We first analyze the trial court’s permanent injunction
related to the flatbed trailer parked on Bates’s lawn
and driveway.  In support of KWCIA’s
summary-judgment motion, Martin testified that Bates had refused to remove a flatbed trailer stored in the street in front
of her home.  KWCIA also attached
photographs demonstrating that Bates had parked a large flatbed trailer in the
front lawn of her home, and one photograph reveals that the trailer spanned the
width of the majority of Bates’s front lawn.  KWCIA also included copies of the multiple
notices that it had sent to Bates regarding the flatbed trailer.  KWCIA sent Bates notices on May 2, 2009 and
June 22, 2009 in which it cited the restrictive covenant that precluded the
parking of trucks and trailers on the streets or driveways.  KWCIA’s legal counsel sent Bates additional
notices on October 16, 2009, December 29, 2009, and January 19, 2010.  Each of these notices detailed KWCIA’s
assertion that Bates remained in violation of the restrictive covenants by
parking her large flatbed trailer in her lawn or driveway.   In her summary-judgment response, Bates did
not dispute that she was violating the restrictive covenant by parking the
flatbed trailer in her driveway.  In
fact, although she requested additional time to move the trailer, she admitted
to having parked the flatbed trailer in her driveway for “several months.”  Bates also submitted her own photographs further
demonstrating her violation.  

The Declaration expressly provides that “[n]o trucks, vans,
trailers, boats, or any vehicle other than passenger cars will be permitted to
park on streets or on drives in front of residences for longer than a 12 hour
period.”  Bates does not contend that
this covenant is ambiguous, nor does she contest her violation of this covenant
by parking the trailer in front of her home or on her driveway.  Bates also does not dispute that she received
five separate notices from KWCIA regarding the parking of a large flatbed
trailer in her lawn or driveway over a nine month period in 2009 and 2010.  Accordingly, we hold that the summary-judgment
record establishes, as a matter of law, that Bates was in violation of this
covenant for a substantial period of time. 


The trial court’s injunction, in regard to the flatbed
trailer, orders Bates “to permanently remove the flatbed trailer stored upon
the driveway and/or upon the street in front of the residence . . . from the .
. . subdivision, within twenty (20) days of the date of this Order.”  It further orders her to “refrain from
storing any trailer upon such property and/or upon any street within such
subdivision, for so long as [Bates] shall own and/or reside upon any property
within the . . . subdivision.”  This
portion of the injunction is specific in its terms and describes in reasonable
detail the conduct by Bates that is sought to be restrained.  See Tex. R. Civ. P. 683.  The injunction is also broad enough to prevent
a repetition of the conduct sought to be corrected, i.e., Bates’s
continued parking of a flatbed trailer in violation of the restrictive
covenants, but it is not so broad that it enjoins Bates from lawful
conduct.  Webb, 298 S.W.3d at 384.  The summary-judgment record establishes as a
matter of law that Bates violated the restrictive covenants by parking a
flatbed trailer on her driveway and lawn for a substantial period of time well
in excess of the twelve-hour period contemplated by the restrictive covenants.  Accordingly, we hold that the trial court did
not err in granting summary judgment in favor of KWCIA in regard to the portion
of its injunction related to Bates’s parking of a
flatbed trailer in her driveway and lawn.[4]

The remaining portions of the judgment and injunction relate
to Bates’s storage of an inoperable vehicle and
miscellaneous items on the driveway, lawn, and side of her property and her
improper maintenance of her home’s fascia boards, trim boards, and lawn.  Although KWCIA presented testimony and
photographs in support of its request for injunctive relief related to these alleged
additional violations of the restrictive covenants, Bates presented conflicting
testimony.   For example, Bates testified
that there was no inoperable vehicle sitting upon her property, there were no miscellaneous
items stored under a tarp on her driveway or on the side of the property, there
were no miscellaneous items stored upon her front lawn at the property, the
fascia siding and trim on her home were not in need of repair or paint, her
fascia siding was in good condition, and she adequately maintained her lawn.  Although KWCIA’s photographs and Bates’s own photographs depict a large pop-up tent erected
in Bates’s driveway, in light of the conflicting
testimony, we cannot conclude that KWCIA established, as a matter of law, that
Bates committed these additional violations of restrictive covenants.  The conflicting testimony presented in
Martin’s and Bates’s affidavits presented a fact
issue, which could not have been properly resolved by summary judgment.  Accordingly, we hold that the trial court
erred in granting summary judgment in favor of KWCIA in regard to the remaining
portions of its injunction.

We overrule the portion of Bates’s
first issue pertaining to the trial court’s judgment and injunction ordering
her to permanently “remove the flatbed trailer stored upon the driveway and/or
upon the street in front” of her home from the subdivision and to “refrain from
storing any trailer upon such property and/or upon any street within” the
subdivision.[5]  We sustain the remaining portions of Bates’s first issue related to the remaining portions of
the judgment and injunction.

Conclusion

          We affirm
the portion of the trial court’s judgment ordering Bates to remove the flatbed
trailer and enjoining her from continuing to store it on her driveway and
property in violation of the restrictive covenants.  We reverse the remaining portions of the
trial court’s judgment, including the trial court’s award of attorney’s fees to
KWCIA.  We remand for further proceedings
on KWCIA’s remaining claims, including its claims for attorney’s fees and
statutory penalties.[6]  

 

 

                                                                    Terry Jennings

                                                                   Justice 

 

Panel
consists of Justices Jennings, Massengale, and Huddle.











[1]
          See Tex. Prop. Code Ann. § 202.004(c) (Vernon
2007) (“A court may assess civil damages for the violation of a
restrictive covenant in an amount not to exceed $200 for each day of the
violation.”).





[2]
          See id. § 5.006(a) (Vernon 2004) (“In an action based on breach of a restrictive covenant
pertaining to real property, the court shall allow to a prevailing party who
asserted the action reasonable attorney’s fees in addition to the party’s costs
and claim.”).

 





[3]
          Bates also filed an amended
answer in which she asserted a general denial and various affirmative
defenses.  She also presented a “verified
denial” in which she contended that KWCIA had no legal “capacity” to enforce
the Declaration and bring the lawsuit.  Bates’s counsel attached to the answer an affidavit in
which he testified that, based upon his review of the Declaration,
KWCIA has “no authority” to bring the lawsuit. 
Bates does not raise this “verified denial” on appeal.





[4]
          Accordingly, we necessarily
reject Bates’s suggestion in her briefing that this
portion of the injunction was “mooted” because Bates has since “removed the
flatbed trailer.”  First, this assertion
is not supported by the record.  And,
second, even if Bates has in fact removed the trailer, such action would not
moot KWCIA’s request for injunctive relief, statutory penalties, or attorney’s
fees.





[5]
          When read in its totality, we consider this portion of the injunction
to, consistent with the Declaration, enjoin Bates from storing the trailer in
the subdivision’s streets or on her driveway and lawn.    

 





[6]
          Having determined that there
were fact issues that precluded the trial court’s granting of summary judgment
on all matters other than Bates’s storage of the
flatbed trailer on her driveway and lawn, we need not reach the other
“alternative” issues presented by Bates in her brief.  Thus, we decline to express any opinion
regarding whether any other portions of the trial court’s judgment were “overly
broad” or “ambiguous” or provided more relief than permitted under the
applicable law or covenants.  We note that,
because we have affirmed only a portion of the trial court’s judgment, and
because we have remanded the case to the trial court to conduct further
proceedings, the trial court may be entitled to consider KWCIA’s request for
attorney’s fees and statutory
penalties following our remand.  See Tex.
Prop. Code Ann. §§ 5.006(a), 202.004(c); see also Wiese v. Heathlake Community Ass’n, Inc.,
No. 14–11–00268–CV, 2012 WL 1009531, at *8 (Tex. App.—Houston [14th Dist.] Mar. 27, 2012, no pet. h.) (holding that trial court abused
its discretion in entering permanent injunction that was based upon “undefined
terms” and was not qualified by “any benchmark of time,” but remanding for
further proceedings so trial court could consider association’s request for
statutory penalties); Webb v. Glenbrook
Owners Ass’n, Inc., 298 S.W.3d 374, 392 (Tex.
App.—Dallas 2009, no pet.) (affirming in part,
reversing and rendering in part, and reversing and remanding in part injunction
entered against homeowner, and remanding for further proceedings on injunctive
relief and association’s request for attorney’s fees).