**HUFSTUTLER v. GRAYBURG OIL CO.**

No. 1546—5862.

Commission of Appeals of Texas, Section A.

April 28, 1932.

Ball & Seeligson, of San Antonio, and A. D. Dyess, of Houston, for plaintiff in error.

Cunningham, Moursund & Johnson, of San Antonio, for defendant in error.

HARVEY, P. J.

This is a suit for damages for breach of contract brought by the plaintiff in error, A. A. Hufstutler, against Grayburg Oil Company, the defendant in error. The latter urged a general exception to the plaintiff's petition. The trial court entered judgment sustaining said exception and dismissing the cause. The Court of Civil Appeals affirmed the judgment of the trial court. 27 S.W. (2d) 306.

So far as need be stated here, the facts alleged in the plaintiff's petition are substantially as follows:

On July 27, 1927, the plaintiff, Hufstutler, and the defendant oil company, made and entered into a contract whereby the plaintiff promised to sell, and the defendant promised to buy, the oil and gas leasehold estate in a certain tract of 70 acres of land in Gray county, for a consideration stated in the contract. The plaintiff, at the time

the contract was made, did not own the leasehold estate which constituted the subject-matter of the contract, but same belonged to one J. M. West. West, however, had voluntarily promised the plaintiff to convey to the latter, or to whomsoever the latter might designate, the leasehold estate for a stated cash consideration. This promise of West was unilateral, and did not constitute a binding contract. There was also an outstanding lien against the leasehold estate. The contract of sale between the plaintiff and the defendant contains a recital, in the form of a representation, to the effect that the plaintiff, at the time of the making of the contract of sale, was the owner of said property, and also contains a provision of general warranty, whereby the plaintiff warranted the title to the property, and further warranted said property to be free of "any and all liens or claims whatsoever." The allegations of the petition show, however, that the oil company knew, at the time the contract was made, that West owned the property, and also knew of the outstanding lien. According to the terms of the contract of sale, the sale was not to be concluded unless a well which was being drilled on an adjoining tract of land, known as the Pollard well, was completed as a producing well. It was further provided in the contract, which is set out in full in the petition, that, within ten days after the Pollard well was completed, the plaintiff was to furnish to the attorney for the oil company an abstract of title to the property in question, and the oil company was to have twenty days within which to accept or reject the title. It was further provided that title shall be rejected only for good cause, in the opinion of said attorney; title to be good and marketable or to be made so forthwith at the expense of the seller. The Pollard well was completed as a producing well on September 23, 1927, but prior thereto the plaintiff had submitted to the said attorney for the oil company an abstract of title to the property in question. On September 6, 1927, said attorney delivered to the oil company his written opinion in which he pointed out the fact that the title to the property stood in J. M. West, and that the property was incumbered with the lien hereinabove mentioned. On October 3, 1927, the tenth day after the Pollard well was completed, the plaintiff tendered to the oil company an assignment or conveyance of the leasehold estate, duly executed by J. W. West, and a release of the lien hereinabove mentioned, duly executed by said lienholder. These instruments were offered as meeting the objections which the attorney for the oil company had raised in his written opinion hereinabove mentioned; and said instruments were legally sufficient to meet said objections, and to invest the oil company, if same had been accepted, with a good and marketable title to said property,

freed of pre-existing liens. The oil company refused the tender and expressly repudiated said contract of sale, on the ground that the plaintiff, at the time said contract was made, did not own said property.

The oil company contends, first, that because the allegations of the petition show that the plaintiff falsely represented himself as being the owner of said property, and that the company rescinded the contract on that ground, the petition is insufficient to show a cause of action. Clearly the misrepresentation would not justify the company's attempted rescission of the contract, unless the company were deceived by the misrepresentation. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900. That the company was not deceived is an issue presented by the petition. The allegations in the petition are sufficient to present, as fact issues, that the company, at the time the contract was made, knew that West was the owner of the property, and knew of the outstanding lien against it.

The oil company further contends, and this is the main point in the case, that, since the averments of the petition show that the plaintiff did not own the property and had no enforceable right therein at the time the contract was made, the plaintiff was not a good-faith contractor, and therefore the company had the right to renounce its obligations under the contract. The English decisions seem to support the doctrine upon which this contention is based; but in this country the generally accepted doctrine is to the effect that the bald fact that a seller is not, at the time of making the contract, the owner of the land which he promises to convey, and has no enforceable right therein, does not give the purchaser the right to rescind, and does not impair the seller's rights under the contract. 39 Cyc. 1410. This rule, it seems to us, is fundamentally sound, especially as applied to the seller's petition in an action at law for the recovery of damages on account of the purchaser's breach of the contract. There is no rule of law, of which we are aware, which renders it illegal for a person to promise to convey land which he does not own. His promise to do so, if the promise is founded on a legally sufficient consideration, constitutes a valid legal obligation. His failure to perform his promise renders him responsible for compensatory damages. The fact that specific performance of his promise cannot be enforced in equity does not affect the legal obligations of the parties. The law does not require mutuality of remedy as an essential element of a binding executory contract. It is mutuality of obligation which the law requires. 13 C. J. 327–331. The parties have the right, of course, by proper stipulation to that effect, to make the obligations of the purchaser conditional on the existence of

title in the seller at the time the contract is made. This right appertains to the freedom of contract enjoyed by the parties. But if such a stipulation be neither expressed in the contract, nor implied by its terms, the fact that the seller did not own the land when the contract was made becomes important only in connection with other facts showing grounds for equitable relief to the purchaser. Green v. Chandler, 25 Tex. 149. The allegations of the plaintiff's petition in the present case are such as to negative the existence of grounds for equitable relief to the oil company. Even a court of equity will not deny proper relief to a seller, in respect of a contract of sale of land, on the bald ground that he did not own the land, or was unable to convey title thereto, at the time the contract was made. Tison v. Smith, 8 Tex. 148; Milliken v. Townsend (Tex. Com. App.) 16 S.W.(2d) 259.

The trial court erred in sustaining the general exception to the petition of the plaintiff in error. We therefore recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed, and that the cause be remanded.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals. We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.