COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| NICOLAS FIBELA, | § | No. 08-20-00019-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number 6 |
| KAREN M. WOOD, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2019DCV1242) |

## **O P I N I O N**

Appellant Nicolas Fibela, proceeding pro se, appeals the trial court's grant of summary judgment in favor of Appellee Karen M. Wood. Fibela raises three issues on appeal. We affirm in part, and reverse and remand in part.

## I.  BACKGROUND

Fibela filed suit against Wood on April 5, 2019, asserting a claim for breach of contract. Fibela alleged he and Wood executed, on February 16, 2015, a valid and enforceable contract for the purchase of the real property located at 300 Belva Way in El Paso, Texas (the Property). Fibela's petition alleged he fully performed his contractual obligations, while Wood repudiated on her performance, thereby causing injury to him. As a result, he sought monetary damages; and, in the alternative, the equitable relief of specific performance of the contract. Lastly, he asserted both

the contract terms, and chapter 38 of the Texas Civil Practice and Remedies Code, entitled him to recover attorney's fees.

Fibela attached to his petition a document titled, "One to Four Family Residential Contract (Resale)," signed by both Wood and Fibela. The document indicated the parties to the contract were Wood (Seller) and Fibela (Buyer). It listed the property address and stated the sale price as $130,000 ($15,000 to be paid by cash at closing and $115,000 to be seller financed). The closing date was set for April 10, 2015. At closing, Wood agreed she would deliver to Fibela a general warranty deed conveying title to the Property. In turn, Fibela agreed he would pay the cash portion of the sales price and execute a promissory note to Wood for the financing of $115,000, secured by both a vendor's lien and a deed of trust lien. The contract contained an addendum indicating Fibela and Wood would each pay half for the preparation of the contract and all customary closing costs including costs and expenses of a title policy and attorney's fees for preparation of closing documents and legal services.

Wood filed an original answer to the petition, which included a general denial and affirmative defenses. By her pleading, Wood alleged two affirmative defenses: (1) statute of limitations, and (2) mutual mistake. First, she alleged the purported contract was executed on February 16, 2015, and four years had elapsed since Fibela sought its enforcement. Second, she alleged the contract was unenforceable as she was not the title owner of the property on the contract date. Specifically, Wood asserted the contract upon which Fibela filed suit was the result of a mutual mistake. She asserted she had conveyed the Property to her daughter and son-in-law as of July 1, 2009. Then, on September 18, 2013, her son-in-law conveyed his interest to Wood's daughter. And finally, not until November 16, 2017, beyond the date of the purported contract with Fibela, had Wood's daughter conveyed the Property back to Wood.

Relevant to this appeal, Wood next filed a motion for summary judgment, combining a traditional motion with a no-evidence motion. In her motion, she challenged Fibela's claim for breach of contract and asserted an affirmative defense of unilateral mistake. Wood attached four items in support of her motion: (1) a copy of a report by the El Paso Central Appraisal District showing different information on the Property, including its deed history; (2) "A Special Warranty" deed, by Christopher Kent Norris, executed on July 9, 2015, in which he conveyed his interest in the Property to Christine Lee Messerli, as her sole and separate property; (3) a Deed in Lieu of Foreclosure whereby Christine L. Norris aka Christine Lee Messerli conveyed the Property to Wood on November 27, 2017; and (4) her own affidavit.

Wood testified in her affidavit that, at the time the contract was executed, her daughter owned the Property with her husband. After a divorce, her daughter's ex-husband conveyed his interest to Wood's daughter as her sole property. When Wood's daughter went into arrears on payment, Wood learned from her daughter that Fibela was interested in the Property. She then further avers: "[n]ot being versed in real estate law, I mistakenly believed that I could sell the property without a Deed in Lieu of Foreclosure executed by [my] daughter." Only later did she discover that her daughter and her daughter's ex-husband were still listed as the owners of the Property with the Central Appraisal District. Thus, on November 27, 2017, her daughter executed a Deed in Lieu of Foreclosure. In closing, Wood asserts she did not have title to the Property on February 16, 2015, and hence, she could not legally convey title to Fibela.

Following service of Wood's motion for summary judgment, Fibela filed a first amended petition, which added a claim of statutory fraud against Wood. Fibela asserted, at the time the contract was executed, Wood represented to him she was the record owner of the Property and she could convey title. Fibela asserted Wood made a false representation to him for the purpose of

inducing him to enter the contract, and his reliance on her representation caused him financial injury.

Responding, Wood filed an amended motion for summary judgment, restating her original arguments and adding arguments against the new statutory fraud claim.[1] Fibela filed a response to Wood's amended motion for summary judgment with attached evidence in support. As summary judgment evidence he attached four items: (1) an affidavit by himself; (2) a copy of communication he received from a title company representative; (3) a copy of a handwritten temporary agreement, signed by him and Wood, dated November 27, 2014; and (4) a copy of the Deed in Lieu of Foreclosure, dated November 27, 2017, wherein Wood's daughter, Christine L. Norris, conveyed title of the Property to Wood.

On October 17, 2019, the trial court granted Wood's motion for summary judgment in its entirety. The trial court ordered Fibela take nothing against Wood and denied all claims asserted by Fibela. Fibela subsequently filed a motion to reconsider and a motion for new trial, which were both denied by the trial court. This appeal followed.[2]

## II. STANDARD OF REVIEW

Wood filed a combined no-evidence and traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). Both types of motions for summary judgment are reviewed de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Harris v. Ebby Halliday Real Estate, Inc.*, 345 S.W.3d 756, 759 (Tex. App.—El Paso 2011, no pet.). We review no-evidence motions for summary judgment under the same legal sufficiency standard used to review

---

[1] No argument is made about Wood's pleaded statute of limitations defense.

[2] Fibela was represented by an attorney at the trial level. Fibela filed his notice of appeal pro se and proceeds without an attorney

a directed verdict. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 130 (Tex. 2018). A party without the burden of proof at trial, after adequate time for discovery, may move for summary judgment on the ground that there is no-evidence of one or more essential elements of a claim or defense. TEX. R. CIV. P. 166a(i). "In a no-evidence summary judgment, the movant must specifically state the elements as to which there is no evidence. The burden then shifts to the non-movant to bring forth evidence that raises a fact issue on the challenged elements." *See Macias v. Fiesta Mart, Inc.*, 988 S.W.2d 316, 316-17 (Tex. App.—Houston [1st Dist.] 1999, no pet.). "[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla exists "when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Macias*, 988 S.W.3d at 317 (internal quotation marks omitted). Conversely, "[l]ess than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion." *Id.* (internal quotation marks omitted).

A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). To prevail as a movant, a defendant must either negate at least one of the essential elements of a cause of action or conclusively establish each element of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once a movant initially establishes a right to summary judgment on the issues expressly presented in the motion, the burden shifts to the nonmovant to present issues or evidence precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). All theories in support of or in opposition

5

to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c).

In reviewing either type of summary judgment motion, we view the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Valence Operating Co.*, 164 S.W.3d at 661. When the trial court's order does not specifically state the grounds for granting judgment, we must affirm the judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). When a party moves for both a traditional and a no-evidence summary judgment, we first review the trial court's summary judgment under the no-evidence standard of Rule 166a(i). *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the no-evidence summary judgment was properly granted, we do not reach arguments under the traditional motion for summary judgment. *See id.*

### III.  BRIEFING WAIVER AND THE SCOPE OF THE RECORD

As a preliminary matter, Wood presents several arguments about the adequacy of Fibela's briefing. Wood argues Fibela failed to adequately brief the issues or demonstrate error by the trial court. Specifically, Wood asserts Fibela fails to cite to the record or engage in an analysis of the application of the law. Based on inadequate briefing, Wood argues Fibela has effectively waived error and this Court should affirm the trial court's order. Wood also contends Fibela's brief asserts new arguments, new allegations of fact, and additional requests for relief, which were not presented to the trial court. She also contends that Fibela wrongly includes additional documents in his Appendix which were not made a part of the trial record.

6

Fibela is acting pro se on appeal. Thus, we are directed to construe his brief liberally and with patience. *See Johnson v. McAdams*, 781 S.W.2d 451, 452 (Tex. App.—Houston [1st Dist.] 1989, orig. proceeding) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) ("The Supreme Court directs us to seek the substance of a pro se complaint by reviewing pro se applications with liberality and patience.")). In doing so, however, we are not permitted to make allowances simply because a pro se litigant is not an attorney. *Jonson v. Duong*, 642 S.W.3d 189, 193 (Tex. App.— El Paso 2021, no pet.). To do otherwise would give an unfair advantage over those parties represented by counsel. *Id.* Furthermore, our briefing rules instruct that a brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). However, briefs must also "be liberally, but reasonably, construed so that the right to appeal is not lost by waiver." *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020). Similarly, we are instructed that courts should hesitate to resolve cases based on procedural defects and instead work to resolve cases on their merits. *See St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 213-14 (Tex. 2020) (per curiam).

In Fibela's brief, under the section titled "Argument and Authorities," he asserts the trial court erred in granting summary judgment favorable to Wood because (1) Wood was unable to satisfy all elements of her affirmative defense, (2) Fibela's claims were supported by the evidence, and (3) Wood did not disprove at least one element of his cause of action. He then summarizes the evidence attached to his response to summary judgment. Although Wood takes issue with Fibela's brief not citing to the record, the appellate record here consists only of the clerk's record containing about 140 pages. Based on the issues advanced by this appeal, we are required to not only review the parties' pleadings but also their summary judgment pleadings and all evidence attached to these

7

documents. In this instance, we determine that Fibela's lack of citation to the record does not render his appeal unreviewable.

Additionally, we note, Fibela does cite to authority when arguing the substance of his appeal. The Supreme Court of Texas has instructed courts "to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule." *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). For these reasons, we reject Wood's contention that Fibela committed briefing waiver.

Lastly, regarding the scope of the record, Fibela did attach new evidence to his appellant's brief and reply brief. He also asserts new factual allegations in such briefing. The appellate record consists of the clerk's record and, if necessary, the reporter's record. TEX. R. APP. P. 34.1. The attachment of additional documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered. *Barton v. Barton*, 584 S.W.3d 147, 152-53 (Tex. App.—El Paso 2018, no pet.). Additionally, we will not consider new arguments not presented to the trial court. *See* TEX. R. CIV. P. 166a(c). Accordingly, we review the summary judgment pleadings, responses, and any evidenced attached thereto, and disregard any newly asserted arguments or evidence.

## IV.  DISCUSSION

Fibela presents three issues on appeal challenging the grant of summary judgment in favor of Wood. In his first issue, Fibela asserts Wood did not meet her summary judgment burden by failing to satisfy all elements of her affirmative defense asserted against his breach of contract claim. In his second issue, he contends he met his burden of proof by presenting evidence in support of his claims for breach of contract and statutory fraud, and there exist triable issues of

fact as to those claims. In his third and final issue, Fibela contends Wood failed to meet her burden of proof to negate at least one element of his breach of contract claim. Although Fibela addresses all three issues collectively, he essentially argues the summary judgment burden applicable to each was not met for each of his two claims for relief.

## A. Wood's combined motion for summary judgment

We begin by reviewing the substance of Wood's amended motion for summary judgment. In her motion, she first includes a section which she titles as a traditional motion for summary judgment. Under that section, Wood first asserts an argument that Fibela's breach of contract claim fails because there was no valid enforceable contract. Next, she argues the evidence she presented had conclusively established the affirmative defense of unilateral mistake, which rescinded the contract. Lastly, she argues the evidence she presented negated at least one element of Fibela's statutory fraud claim.

The traditional motion section is followed by a section titled as a no-evidence motion for summary judgment. Under the no-evidence section, Wood asserts there was "no evidence that [she] knew she was not the owner of the property on February 16, 2015[,] or that she knowingly made a material misrepresentation to [Fibela] with the intent that [Fibela] would rely on this misrepresentation to his detriment, or that [Fibela] incurred damages related thereto." We interpret Wood's argument as asserting a no-evidence motion against Fibela's statutory fraud claim. *See* TEX. R. CIV. P. 166a(i); *see also Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 375 (Tex. App.—Dallas 2009, pet. denied) (holding courts should determine the nature of a motion for summary judgment after considering the substance of the motion).

9

Because we first review the trial court's summary judgment under a no-evidence standard, we will address that summary judgment basis first. *Ridgway,* 135 S.W.3d at 600. Then, if necessary, we look to Wood's asserted grounds for traditional summary judgment. After reordering the arguments, we construe the substance of Wood's motion as asserting: (1) a no-evidence summary judgment challenge against Fibela's statutory fraud claim, (2) a traditional summary judgment challenge against Fibela's statutory fraud claim, (3) a traditional summary judgment challenge to an element of Fibela's breach of contract claim, and (4) a traditional summary judgment challenge on her affirmative defense of mistake, as asserted against the breach of contract claim. We address each basis in turn.

### B. The no-evidence motion challenging the statutory fraud claim

Texas law prohibits false representations in transactions involving real estate or stock. TEX. BUS. & COM. CODE ANN. § 27.01. *Tukua Investments, LLC v. Spenst*, 413 S.W.3d 786, 796 (Tex. App.—El Paso 2013, pet. denied). The elements for a statutory fraud claim based on a real estate transaction are: "(1) there was a transaction involving real estate; (2) during the transaction, the defendant made a false representation of fact, made a false promise, or benefitted by not disclosing that a third party's representation or promise was false; (3) the false representation or promise was made for the purpose of inducing the plaintiff to enter into a contract; (4) the plaintiff relied on the false representation or promise by entering into the contract; and (5) the reliance caused the plaintiff injury." *Chapa v. Arellano*, No. 13-18-00665-CV, 2019 WL 4200299, at *2 (Tex. App.—Corpus Christi Sept. 5, 2019, no pet.) (citing TEX. BUS. & COM. CODE ANN. § 27.01).

Wood asserts there was "no evidence that [she] knew she was not the owner of the property on February 16, 2015[,] or that she knowingly made a material misrepresentation to [Fibela] with the intent that [Fibela] would rely on this misrepresentation to his detriment, or that [Fibela]

10

incurred damages related thereto." We interpret her argument as attacking the second, third, fourth, and fifth elements of Fibela's statutory fraud claim.

As the nonmovant on the no-evidence challenge, Fibela had the burden to bring forth evidence to raise a fact issue on each of the challenged elements. *See Macias*, 988 S.W.2d at 317. Without dispute, Fibela's evidence established that Wood was *not* the owner of the Property on the date the contract was executed. The correspondence between Fibela and the title company showed the representative believed Wood was attempting to get the issues with title resolved. This shows Wood knew about the title issues at some point. Wood herself also concedes that her daughter and her son in law remained as record owners of the Property on the date of contract execution. But even so, it is not clear from the evidence when such title issue came to light as Fibela's evidence of Wood's knowledge has no date. As to reliance, Fibela testified he believed Wood held title to the property at the time the contract was executed. Additionally, he testified he fully performed his contractual obligations and was "ready, willing, and able to complete the sale of the Property in accordance with the terms specified within the contract." Fibela also stated he made improvements to the Property "in anticipation of the closing of the transaction."

Yet, despite all such evidence, Fibela presented no evidence establishing that Wood entered the contract knowing she was not the owner of the Property. Fibela failed to establish a genuine issue of fact that Wood made a representation to Fibela that she knew was false. In context, the evidence indicates the title issue came to light only after the contract of sale was signed. Moreover, the correspondence between Fibela and the title company showed the representative believed "seller has been attempting to get this issue resolved." Fibela presented no evidence that Wood was not planning to convey title at closing. *See Int'l Bus. Machs. Corp. v. Lufkin Indus.*, 573

S.W.3d 224, 228 (Tex. 2019) (To prove a false promise of future performance, the plaintiff must establish the defendant made a promise with no intention of performing it.).

Indeed, Wood testified by her affidavit that, when she executed the contract with Fibela, her daughter and son in law owned the Property "subject to a Deed of Trust and promissory Note with me as the payee." She further stated, however, that her daughter went into arrears on her payments on the promissory note, and she was informed by her daughter that Fibela was interested in the property. Contrary to knowingly making a false representation of fact, Wood averred she had mistakenly believed she held title based on her daughter's loan default. Wood stated, "Not being versed in real estate law, I mistakenly believed that I could sell the property without a Deed in Lieu of Foreclosure executed by [my] daughter."

Fibela merely asserts that, because Wood did not have good title to the Property at the time the contract was executed, he raised a fact issue on the required elements of his statutory fraud claim. For multiple reasons, we disagree. First, there is no-evidence showing that any false representation of fact was made by Wood to Fibela. Specifically, there is no-evidence that Wood knew she did not own the property at the time she executed the contract or that she expressly represented to Fibela that she otherwise did. Rather, the contract only shows she promised, at closing, she would "execute and deliver a general warranty deed conveying title to the Property to Buyer[.]" Without this showing, Fibela presented no evidence to support the second and third elements of his statutory fraud claim.

Wood asserts that Fibela's affidavit contains conclusory statements unsupported by any evidence and is therefore incompetent summary judgment evidence. *See Houle v. Casillas*, 594 S.W.3d 524, 560 (Tex. App.—El Paso 2019, no pet.) (stating conclusory statements in affidavits will be considered incompetent to support a summary judgment). We agree that Fibela's assertions

12

of injury are conclusory and without supporting evidence. Additionally, Fibela presents new arguments that we cannot consider on appeal. His assertion that he spent over $13,000 in repairs to the Property was not previously presented to the trial court; thus, we cannot consider it.

For all these reasons, we hold that Fibela failed to meet his burden of proof to raise a genuine issue of material fact on each challenged element of his statutory fraud claim. Because we conclude the trial court did not err in ruling in favor of Wood, we affirm that portion of the summary judgment rendered in favor of Wood.

As part of her combined motion, Wood also argued for summary judgment in her favor under the traditional summary judgment standard. *See* TEX. R. CIV. P. 166a(c). Because we affirm the summary judgment in favor of Wood on the statutory fraud no-evidence ground, it would be redundant to address Wood's argument under the traditional standard. *See Ridgway*, 135 S.W.3d at 600. For this reason, we overrule Fibela's second and third issues in part as to the claim of statutory fraud.

## C. The traditional motion for summary judgment

Next, we determine whether Wood met her traditional summary judgment burden on the breach of contract claim. In her motion, Wood first argues that Fibela's breach of contract claim fails because there is no valid enforceable contract. Second, Wood argues a contract may be rescinded based on unilateral mistake.[3] We look at each argument in turn.

---

[3] We note that Wood's answer did not plead an affirmative defense of unilateral mistake. Instead, Wood's motion only pleaded the affirmative defenses of statute of limitations and mutual mistake. Affirmative defenses, like unilateral mistake, must be pleaded unless tried by consent. *In re USAA Gen. Indem. Co.*, 629 S.W.3d 878, 884 (Tex. 2021). However, Fibela did not object to Wood's asserted affirmative defense on this basis and responded in substance to the motion. We conclude that unilateral mistake was tried by consent. *Montoya v. Gutierrez*, No. 04-19-00070-CV, 2019 WL 5580263, at *3 (Tex. App.—San Antonio Oct. 30, 2019, no pet.).

*1. Valid enforceable contract*

To establish a breach of contract claim, a plaintiff must prove: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) a breach by the defendant; and (4) the plaintiff incurred damages as a result of the defendant's breach. *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018). As movant, Wood has the burden to negate at least one essential element of Fibela's breach of contract claim to succeed on summary judgment. *See Johnson,* 891 S.W.2d at 644. Here, Wood asserts there was not a valid agreement because a meeting of the minds was lacking as she did not own the property at the time the contract was formed. This argument attacks only the first element of Fibela's breach of contract claim—the existence of a valid contract.

To establish a valid, enforceable contract, the following elements must be shown: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds on the essential terms of the contract (mutual assent); (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding." *E-Learning LLC v. AT & T Corp.*, 517 S.W.3d 849, 858 (Tex. App.—San Antonio 2017, no pet.). Wood asserts there was no meeting of the minds because the property was not actually owned by her at the time the contract was executed or at the time set for closing. Wood's attached evidence demonstrated she did not own the Property at the time the contract was executed. Wood asserts this proves there was no meeting of the minds and the contract is unenforceable.

However, "[in] an express contract, mutual agreement is expressly stated[.]" *Wal-Mart Stores, Inc. v. Lopez*, 93 S.W.3d 548, 557 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Here, Fibela presented evidence of the express terms agreed to by both Fibela and Wood. The parties' writing demonstrated that Wood agreed to sell the Property to Fibela for an agreed price and

14

closing on a certain date. Based on such writing, Wood failed to negate the existence of an enforceable contract.

Furthermore, Wood cited no authority demonstrating that a contract for sale is rendered unenforceable when a seller does not own the property at the time the contract is made. "Generally, in the absence of an agreement to the contrary, it is unimportant that the vendor's title is bad, or that the land is encumbered at the time the contract is made, if it is made in good faith and he is prepared to convey the title guaranteed at the time set for performance." *MTrust Corp. N.A. v. LJH Corp.*, 837 S.W.2d 250, 254 (Tex. App.—Fort Worth 1992, writ denied) (citing *Runnells v. Pruitt*, 204 S.W. 1017, 1019 (Tex. App.—Dallas 1918, no writ)). Thus, "[t]here is no rule of law which renders it illegal for a person to promise to convey land which he does not own." *Id.* (citing *Hufstutler v. Grayburg Oil Co.*, 48 S.W.2d 591 (Tex. Comm'n App. 1932, holding approved)). "The fact that the seller did not own the land at the time the contract was made becomes important only in connection with other facts showing grounds for equitable relief to the purchaser." *Id.* Here, the contract provides the closing of the sale will be on or before April 10, 2015. It further states that "[s]eller shall execute and deliver a general warranty deed conveying title to the Property to Buyer and . . . furnish tax statements or certificates showing no delinquent taxes on the Property." Wood does not guide us to any authority, and we find none, that shows a lack of ownership of the subject property at the time of the contract execution excuses the seller's performance. We conclude that Wood's lack of ownership of the property provides no basis to nullify the contract.

For this reason, Wood failed to meet her summary judgment burden on this ground. We sustain Fibela's second and third issue in part as to the breach of contract claim.

*2. Unilateral mistake*

Wood asserted the affirmative defense of unilateral mistake. Generally, a mistake by one party to an agreement will not be grounds for equitable relief. *Cigna Ins. Co. of Texas v. Rubalcada*, 960 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1998, no pet.). Equitable relief may be granted for unilateral mistake when: "(1) the mistake is of so great a consequence that to enforce the contract would be unconscionable; (2) the mistake relates to a material feature of the contract; (3) the mistake occurred despite ordinary care; and (4) the parties can be placed in status quo, *i.e.*, the recission must not prejudice the other party except for the loss of the bargain." *Id.*

Wood argued her evidence showed it was uncontradicted that she was a 78-year-old widow and that she did not know she was not the title owner of the property. Therefore, she argues, there is not a scintilla of evidence that she knowingly or intentionally made a representation to Fibela that she knew to be untrue.

As movant, Wood had the burden to establish each element of her affirmative defense of unilateral mistake as a matter of law. TEX. R. CIV. P. 166a(c); *Johnson,* 891 S.W.2d at 644. It is not until Wood meets that initial burden that the burden then shifts to Fibela to present any issues or evidence precluding summary judgment. *Clear Creek Basin Auth.*, 589 S.W.2d at 678-79. Wood's arguments are conclusory and fail to meet the elements of unilateral mistake. *Rubalcada*, 960 S.W.2d at 412. Furthermore, as mentioned above, Wood fails to show that a lack of ownership renders a contract unenforceable, such as to excuse a seller's performance.

Accordingly, the trial court erred in rendering summary judgment for Wood on her unilateral mistake claim. We sustain Fibela's first issue.

## V. CONCLUSION

We affirm the trial court's judgment granting summary judgment in favor of Wood on Fibela's statutory fraud claim. We reverse the trial court's judgment regarding Fibela's breach of contract claim and remand for further proceedings.


GINA M. PALAFOX, Justice

September 28, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

17